UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11856-GAO

| | |
|---|---|
| ANNIE BATTARD, ) | |
|     Plaintiff ) | |
| ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| v. ) | **TO AMEND COMPLAINT** |
| ) | |
| ANTONIO CAPELA, ) | |
|     Defendant ) | |

Pursuant to Fed. R. Civ. P. 15, the plaintiff, Annie Battard, hereby moves this Court for leave to amend her Complaint to add Oliver E. Hummels as a party defendant and to specify an additional theory of negligent supervision and entrustment of the operation of the vessel against defendant Antonio Capela. The Amended Complaint is filed herewith.

In support of her Motion, the plaintiff states the following:

1. This is an action brought to recover personal injury damages sustained by the plaintiff, Annie Battard, a native of France, when she was a guest on a vessel owned and believed to have been operated by the defendant, Antonio Capela on August 27, 2001.

2. Ms. Battard was thrown violently from her seat on the vessel during its operation and landed on her buttocks in such fashion that she suffered an immediate burst fracture of her T12 vertebrae with bone fragments extending into and compromising her spinal canal, causing neurologic and bowel and bladder damage. Ms. Battard's injuries required immediate and prolonged

hospitalization in the United States at both the Anna Jacques and Massachusetts General Hospitals, where she incurred hospital, medical and health care treatment expenses in excess of $140,000. She was returned to France by special medical arrangement and has continued to receive long-term medical and health care treatment and rehabilitative therapy in France. She still lacks bladder function and has other continuing neurologic injuries.

3. Counsel for the plaintiff recently has been advised by defense counsel that at the time the plaintiff was injured, the vessel was being operated by Oliver E. Hummels, a friend and domestic partner of the defendant who until now had been identified only as a passenger on the vessel, along with Ms. Battard, the defendant, and two young female neighbors of the defendant.

4. The information provided by the defendant contradicts that appearing in the U.S. Coast Guard Search and Rescue Report, wherein defendant Capela was identified as the "operator" and "owner" of the vessel and defendant Hummels as a passenger on board. The original information was provided to the Coast Guard by "Tony" (defendant Capela). A copy of the report is hereto annexed.

5. The Court recently approved a Scheduling Order at the Rule 16 Conference which permits discovery until February 14, 2006 and amendments of the Complaint until April 14, 2005. The

time frames recognize the difficulty of obtaining information due to the plaintiff's limited ability to communicate in the English language and inability to travel to the United States due to her health condition.

6. The plaintiff's motion to amend her Complaint is timely under the Scheduling Order.

7. The case is early in its discovery phase and there will be sufficient time to determine the facts regarding the operation of the vessel. Trial has not been scheduled and is not imminent.

8. This Court should grant the plaintiff's Motion to Amend in order to further the express mandate of Fed. R. Civ. P. 15(a), that "leave [to amend a complaint] shall be freely given when justice so requires", and to allow the proper functioning of the Rules of Civil Procedure, which are designed to "facilitate a proper decision on the merits". *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), *quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957).

9. None of the reasons for denying a motion to amend a complaint are present in the case at bar. The plaintiff has not engaged in "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...". *Foman v. Davis*, 371 U.S. at 182.

10. There have been no previous amendments to the

Complaint.

11.  The plaintiff has complied with Local Rule 15.1 by notifying the new defendant of the filing of the instant Motion ten days in advance of the filing and giving him an opportunity to oppose it.  Indeed, the plaintiff advised defense counsel of his intent to file the Motion before he finalized the pleading.

12.  The claim against the new party is supported by evidence recently obtained in informal discovery and investigation and will be verified or disproved in formal discovery.  "At the present stage of proceedings, it cannot be said that there is no possible constellation of facts that could be proven by [Ms. Battard] entitling her to relief ....  Since the dismissal of such a claim is not warranted, the amendment is not futile, and the motion to amend should be granted".  *Taylor v. Martha's Vineyard Hospital Foundation, Inc.*, 1997 WL 896557 at *2 (D.Mass. 1997)(O'Toole, J.).

13.  Defendant Hummels likely will be an "insured" within the definition of defendant Capela's liability insurance policy, and therefore insured by that policy, since information received to date indicates that he allegedly operated the vessel with the owner's knowledge and consent.  Defendant Capela's insurer had knowledge of the plaintiff's claim before suit was filed.

14.  The two defendants are domestic partners, jointly own the home in which they live together presently and in which they

lived together at the time the plaintiff was injured, share assets together, met the plaintiff together, were together with the plaintiff at the time of her injury, and operated the vessel together during the voyage which gave rise to Ms. Battard's injuries.  Defendant Hummels cannot have failed to have known of the plaintiff's injuries and of the commencement of the instant action against his friend, domestic partner and housemate, defendant Capela.  "[A] new party may be added [under the identity-of-interest doctrine] 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced'". *Moses v. Joint Frost, M/V*, 1993 WL 140638 at *2 (D.Mass. 1993) (Wolf, J.)(allowing amendment to add new party), quoting *Hernandez Jiminez v. Calero Toledo*, 604 F.2d 99, 102 (1st Cir. 1979).  The presumption has been held to apply to the addition of a spouse as a new defendant in an action pending against the other spouse, due to the identity of interests of the marital partners and the likelihood that service upon one would have been made known to the other.  *Holoway v. Triola*, 1997 WL 791472 at *3 (E.D.La. 1997), citing *Hernandez Jiminez v. Calero Toledo*, 604 F.2d 99.  See also *Simpson v. City of Maple Heights*, 720 F.Supp. 1303, 1305 (N.D.Ohio 1988)(denying summary judgment to new defendant following allowance of addition of wife of police

officer as new defendant in civil rights suit because, *inter alia,* "[i]t is fair to presume from the professional and institutional relationships between the defendants and the language of the original complaint that defendant Grossmyer learned of the institution of this lawsuit shortly after it was filed" and because evidence confirmed that police officer husband conveyed information relating to suit to added defendant wife).

15. The claim will relate back to the original filing for all three of the reasons allowed by Fed. R. Civ. P. 15 (c): 1) because the state statute of limitations liberally permits relation back of amended pleadings after expiration of the limitations period, Fed. R. Civ. P. 15 (c)(1); M.G.L. c. 231, §51; *Curley v. North American Man Boy Love Association,* 2003 WL 21696547 at *2-3 (D.Mass. 2003)(O'Toole, J.), *citing Wadsworth v. Boston Gas Co.,* 352 Mass. 86, 223 N.E.2d 807, 809 (1967); 2) because the new claim "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading", Fed. R. Civ. P. 15 (c)(2); and 3) because, in addition to satisfying Fed. R. Civ. P. 15 (c)(2), the plaintiff served process upon defendant Capela within the period provided by Fed. R. Civ. P. 4(m), new defendant Hummels received notice of the instant action through timely service of his domestic partner, defendant Capela, new defendant Hummels has not been prejudiced in defending this claim on the merits, and new defendant Hummels

knew or should have known that but for the allegedly mistaken identification of the vessel operator at the time of Ms. Battard's injury, a fact which was known to both of the defendants, defendant Hummels would have been sued as the operator of the vessel, in addition to or instead of defendant Capela.

16. Denial of the Plaintiff's Motion For Leave to Amend will work a particularly harsh result against this severely injured plaintiff because it will effectively prohibit her from bringing a potentially meritorious claim against the new defendant now that the statute of limitations has expired. Counsel for the plaintiff did not learn of the claim against this defendant until after the statute had expired. Under Massachusetts law, which the plaintiff asserted in her original Complaint and in her Amended Complaint, the expiration of a statute of limitations is reason for allowing a Motion to Amend a Complaint rather than for denying it. M.G.L. c. 231, §51; *Bengar v. Clark Equipment Co.*, 24 Mass. App. Ct. 41, 46, 506 N.E.2d 147 (1987), *reversed on other grounds*, 401 Mass. 554, 517 N.E.2d 1286 (1988).

17. Allowance of the Motion for Leave to Amend Complaint will cause no prejudice to the present defendant. Joining all potential defendants in a single action will ultimately facilitate the resolution of this action.

WHEREFORE, for all of the above reasons, the plaintiff respectfully requests this Court to allow her Motion for Leave to Amend Complaint.

> The Plaintiff,
> By her Attorney,
>
> _____
> MARK F. ITZKOWITZ (BBO #248130)
> 85 Devonshire Street
> Suite 1000
> Boston, MA   02109-3504
> (617) 227-1848
> March 11, 2005

**CERTIFICATE OF SERVICE**

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

Thomas J. Muzyka, Esquire
Terence G. Kenneally, Esquire
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA   02108; and

Mr. Oliver E. Hummels
8 Julia Street
Newburyport, MA   01950.

_____
MARK F. ITZKOWITZ (BBO #248130)

Dated:  March 11, 2005