UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

ANNIE BATTARD
    Plaintiff,

VS.

ANTONIO CAPELA
    Defendant.

## OLIVER HUMMELS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Now comes the proposed new defendant, Oliver Hummels, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Opposition to the plaintiffs' Motion for Leave to Amend the Complaint.

As grounds in support of his Opposition, Hummels submits the following factual circumstances and legal principles.

### FACTUAL BACKGROUND

1. Oliver Hummels (hereinafter referred to as "Hummels") and Antonio Capela (hereinafter referred to as "Capela") first met the plaintiff in 1999 through a mutual friend, Deborah Smith.

2

2.  Hummels and Capela socialized with the plaintiff on several occasions over the course of two years, from 1999 to 2001.

3.  At all material times herein, Capela owned the subject boat.

4.  On August 27, 2001, the plaintiff was a guest aboard Capela's boat when she allegedly injured her back.

5.  Approximately an hour before her alleged injury, the plaintiff boarded Capela's boat at a dock located at Deborah Smith's residence in Amesbury, Massachusetts.

6.  During the hour cruise along the Merrimack River from Amesbury to Plum Island, the plaintiff sat in a bow seat on the boat's starboard side.

7.  The bow seat where the plaintiff sat was directly in front of the helm.

8.  Throughout the hour cruise, Hummels drove the boat at the helm. Accordingly, the plaintiff sat directly in front of Hummels for the entire cruise.

9.  On August 25, 2004, the plaintiff commenced this civil action in this Honorable Court against Capela.

10. On December 9, 2004, Capela was served with a copy of the Complaint in this action.

3

11. Hummels was never named as a defendant nor served with process until the filing of this Motion For Leave To Amend Complaint.

**LEGAL ARGUMENT**

The plaintiff's civil action arises from a personal injury [tort] allegedly sustained, while aboard a boat, upon the navigable waters of the United States.  The applicable law is the federal substantive admiralty or General Maritime Law of the United States.  ***Florio v. Olson,*** 129 F.3d 678, 680 *citing to* **Grubart v. Great Lakes Dredge & Dock Co.,** 513 U.S. 527, 531-534.

*46 U.S.C.App §763a* is the Statue of Limitation applicable to this cause of action.  It provides:

> *Unless otherwise provided by law, a suit for recovery of damages for personal injury … arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action occurred.*

Accordingly, the plaintiff was required to commence her civil cause of action against Hummels on or before August 27, 2004. No such cause of action was filed.

Now and approximately eight [8] months after the expiration of the above three [3] year limitation period, the

4

plaintiff seeks to add Hummels as an additional defendant. There is no excusable basis for this late addition of a party. The Motion For Leave To Amend Complaint should properly be denied.

The plaintiff contends that under Rule 15(c) of the Federal Rules of Civil Procedure that she may properly amend her Complaint by adding a new party without violating the applicable Statute of Limitation.

*Federal Rule of Civil Procedure 15(c)* permits amendment of a pleading with relate back to the date of the original pleading when:[1]

1. relation back is permitted by the law that provides the statute of limitations applicable to the action, or;

2. the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or;

3. the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and ... the party to be brought in by amendment

   a. has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

   b. knew or should have known that, but for a

---

1 This provision, added in 1991, was intended to make clear "that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law" of the jurisdiction that provides the statute of limitations. 3 James W. Moore et al., *Moore's Federal Practice* ¶ 15.15[3.-1] (2d ed. 1995) (quoting 1991 Advisory Committee Note).

>    mistake concerning the identity of the proper
>    party, the action would have been brought
>    against the party....

In the instant case, 46 U.S.C.App §763a does not permit "relation back" under sub-section (1) of Rule 15(c).

Under sub-section (3)(a) of Rule 15(c), Hummels is now prejudiced by the plaintiff's failure to commence action timely because nearly four years he has elapsed since the date of the incident.  Hummels has been precluded from assembling any evidence or constructing any defenses to the plaintiff's claims.  ***Nelson v. County of Allegheny***, 60 F.3d 1010, 1015 *citing to* ***Curry v. Johns-Manville Corp.,*** 93 F.R.D. 623, 626 (E.D. Pa. 1982).  Hummels submits that the identities of witnesses, such as other boaters in the area, are now either lost or impossible to locate.  Further, a defective condition of Capela's boat could have caused or contributed to the incident and the boat may have materially changed over the past several years and therefore, certain defenses are now lost.

Under sub-section (3)(b) of Rule 15(c), the plaintiff asserts that Hummels "cannot have failed to have known of the plaintiff's injuries and of the commencement of the instant action against his friend … defendant Capela.  The requirement that a new defendant "knew" he was not named due to a mistake concerning identity presupposes that in fact the

6

reason for his not being named was a mistake in identity. ***Cornwell v. Robinson***, 23 F.3d 694, 705 (2nd Cir. 1994). The plaintiff knew Hummels and Capela because she socialized with them over the course of two years before the incident. Further, the plaintiff sat in the starboard bow seat directly in front of Hummels, who was at the helm, while the vessel cruised for an hour on the Merrimack River and therefore she knew Hummels was the boat's operator. Given these facts, Hummels was unable to presume that the reason for him not being named as a defendant was a mistake in identity made by the plaintiff. ***Cornwell*** at 705. *Hummels submits that the plaintiff knew or should have known that he was the operator of the vessel on August 27, 2001 before the expiration of the Statute of Limitation.* The plaintiff did not make a mistake as to Hummels' identity, but merely failed to commence suit against him within the Statute of Limitation. Hummels did not know that he could be named as a defendant until he received a copy of plaintiff's Motion for Leave to Amend Complaint on or about March 11, 2005. Hummels submits that the plaintiff does not meet the requirements of Fed.R.Civ.P. 15(c) in showing Hummels knew or should have known that an action would have been brought against him because she failed to serve him within the Statute of Limitation knowing that he was the operator of the vessel. Accordingly, Hummels is now

7

unduly prejudiced by the plaintiff's failure to serve him within the Statute of Limitations and therefore, the plaintiff's Motion for Leave to Amend the Complaint should be denied.

**WHEREFORE**, Hummels prays that this Honorable Court, for the reasons stated herein, deny the plaintiff's Motion for Leave to Amend the Complaint.

    Respectfully Submitted,
**On behalf of
OILVER HUMMELS
CLINTON & MUZYKA, P.C.,**

"/s/Terence G. Kenneally"
**Thomas J. Muzyka
BBO NO: 365540
Terence G. Kenneally
BBO NO: 642124**
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

DATED: April 11, 2005