UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11856-GAO

| | | |
|---|---|---|
| ANNIE BATTARD, | ) | |
|     Plaintiff | ) | **PLAINTIFF'S MEMORANDUM IN REPLY** |
| | ) | **TO OLIVER HUMMELS' OPPOSITION TO** |
|     v. | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| | ) | **TO AMEND COMPLAINT** |
| ANTONIO CAPELA, | ) | |
|     Defendant | ) | |

    Annie Battard, the plaintiff, files this Memorandum to correct certain incorrect impressions created by Oliver Hummels' Opposition to the Plaintiff's Motion for Leave to Amend Complaint to add him as a defendant. Mr. Hummels' opposition creates the false impressions that 1) there was such an extensive relationship between Ms. Battard and Mr. Hummels before the date of her injury that the plaintiff's failure to name Mr. Hummels as a defendant in her original complaint cannot be deemed a "mistake" within the meaning of Fed. R. Civ. P. 15 (c)(3)(b), and 2) that Mr. Hummels has been prejudiced by not having been named in the original Complaint.

    The first erroneous impression is corrected by the Affidavit of Annie Battard, filed herewith. Ms. Battard first met Mr. Hummels the day before the defendants' operation of the vessel threw her from her seat and severely injured her. She met him at a mutual friend's home, where he was in the company of defendant Capela, his domestic partner. She was in his presence no more than an hour on the day when she was injured. She did not recall his name until she was advised of the individuals listed in the

Coast Guard report as having been aboard the vessel at the time that she was injured.  She did not recall that he had operated the vessel until defense counsel so suggested.  As explained in the Motion for Leave to Amend, the Coast Guard report identified defendant Capela as both owner and operator of the vessel, and attributed that information to defendant Capela.  The defendants knew the identity of the operator.  Under the circumstances, Ms. Battard's misidentification of the operator as defendant Capela was a reasonable mistake, the truth of which was known to Mr. Hummels and to defendant Capela.  Therefore, the pleading satisfies the relation back criteria of Fed. R. Civ. P. 15(c). The motion to amend should be allowed.

   The second error concerns the prejudice allegedly suffered by Mr. Hummels.  Mr. Hummels has the same interest in opposing this action as defendant Capela, is insured by the same insurer, and defended by the same counsel.  The two defendants were together aboard the vessel, lived together at the time of the voyage, and have lived together at all times since.  The witnesses aboard the vessel and in the area are the same with respect to both defendants.  The condition of the vessel does not differ for the two defendants.  The action is timely as to defendant Capela.  Mr. Hummels suffers no disadvantage in his defense of this action because the action commenced against him a few months after it commenced timely as to defendant Capela.

For all of the above reasons and for the reasons set forth in the Plaintiff's Motion for Leave to Amend, this Court should grant the Plaintiff's Motion.

>The Plaintiff,
>By her Attorney,
>
>_____
>MARK F. ITZKOWITZ (BBO #248130)
>85 Devonshire Street
>Suite 1000
>Boston, MA   02109-3504
>(617) 227-1848
>April 22, 2005

**CERTIFICATE OF SERVICE**

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

Thomas J. Muzyka, Esquire
Terence G. Kenneally, Esquire
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA   02108.

>/s/ Mark F. Itzkowitz
>MARK F. ITZKOWITZ (BBO #248130)

Dated:  April 22, 2005