UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11856-GAO

| | | |
|---|---|---|
| ANNIE BATTARD, | ) | |
|     Plaintiff | ) | **PLAINTIFF'S MOTION TO RENEW AND TO** |
| | ) | **REQUEST THIS COURT TO RECONSIDER** |
|     v. | ) | **IT'S DENIAL OF PLAINTIFF'S MOTION** |
| | ) | **FOR LEAVE TO AMEND COMPLAINT** |
| ANTONIO CAPELA, | ) | |
|     Defendant | ) | **REQUEST FOR ORAL ARGUMENT** |

Based upon additional evidence, Annie Battard, the plaintiff, hereby renews her Motion for Leave to Amend Complaint and moves this Court to reconsider its denial of the plaintiff's motion for leave to amend her Complaint to add Oliver E. Hummels as a party defendant and to specify an additional theory of negligent supervision and entrustment of the operation of the vessel against defendant Antonio Capela.

In support of her Motion, the plaintiff states the following:

1.  This Court gave no reason for denying the plaintiff's Motion for Leave to Amend her Complaint. *See Foman v. Davis,* 371 U.S. 178, 182 (1962)("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *Glassman v. Computervision Corporation,* 90 F.3d 617, 622 (1st Cir. 1996)

("Unless there appears to be an adequate reason for the denial of leave to amend (*e.g.*, undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it."); *Ondis v. Barrows,* 538 F.2d 904, 909 (1st Cir. 1976)("some justification is required for a refusal").  Inasmuch as the defendant did not challenge either the plaintiff's contention that none of the reasons for denying a motion to amend a complaint are present in the case at bar, *to wit*, that the plaintiff has not engaged in "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...", *Foman v. Davis*, 371 U.S. at 182, or the plaintiff's contention that the plaintiff has complied with the requirements of Local Rule 15.1, the plaintiff assumes that the denial was based upon this Court concluding that the amendment would not relate back to the date the original complaint was filed because the Court concluded that plaintiff did not "mistake[nly]" name an incorrect party within the meaning of Fed. R. Civ. P. 15(c)(3)(b).

    2.    Additional evidence obtained since the plaintiff filed her Motion confirms that Ms. Battard made a good faith "mistake" within the meaning of Fed. R. Civ. P. 15(c)(3)(b) and that the amendment should relate back to the original filing, as indicated

below.

3.    This Court previously received affidavits concerning the identity of the operator of the vessel at the time the plaintiff was injured from two of the five persons then aboard the vessel, Oliver Hummels and Annie Battard, and received the Coast Guard Search and Rescue Report, in which defendant Antonio Capela reportedly identified himself to the Coast Guard as the operator.  Mr. Hummels alone identified himself as the operator of the vessel, but only after this suit was commenced.

4.    Ms. Battard attested that she barely knew Oliver Hummels, had met him only briefly before the voyage, had seen him for less than an hour during the voyage, and that she did not recall that he had operated the vessel until defense counsel so suggested.

5.    Submitted herewith are affidavits of Cassidy Gillespie, one of the two remaining passengers, and Attorney Mark Itzkowitz, concerning his interview of Ivy Smith, the last passenger. Counsel's affidavit is expected to be confirmed by Ms. Smith's deposition but that deposition will not occur before this motion is filed.

6.    Neither Ms. Gillespie nor Ms. Smith were able to identify the operator of the vessel at the time Ms. Battard was injured.

7.    Ms. Gillespie placed both defendant Capela and Mr.

3

Hummels in the area of the controls of the single deck medium
size speed boat at all times during the 15-20 minute voyage to
the area where Ms. Battard was injured, including at the moment
when Ms. Battard was thrown from her seat and injured. *Id.,*
¶¶20-22, 25-27, and 44.

8.    Accordingly, the testimony of four of the five persons
aboard the vessel, including the defendant, confirms and explains
why the plaintiff reasonably could have and did make a mistake in
her identification of the vessel operator at the time she was
injured.  Only the testimony of Mr. Hummels, the person to be
added as a defendant, is to the contrary.

9.    Moreover, as the affidavit of Attorney Itzkowitz
indicates, counsel has been in contact with the insurer of
defendant Capela and Mr. Hummels since February 2002.  Although
the insurer provides coverage for both defendant Capela and Mr.
Hummels under the same policy, and although defendant Capela
presumably identified Mr. Hummels as the operator of the vessel
in his statements to his insurer, the insurer never identified to
plaintiff's counsel that Mr. Hummels was the alleged operator of
the vessel before the time for perfecting service expired.

10.    Under the circumstances, Ms. Battard's
misidentification of the operator as defendant Capela was a
reasonable mistake, the truth of which was known at all times to
Mr. Hummels and to defendant Capela. *See Leonard v. Parry,* 219

F.3d 25 (1st Cir. 2000) (reversing denial of motion to amend to
substitute new party as defendant and finding amendment to relate
back where, *inter alia,* complaint and amended complaint
demonstrated that plaintiff intended at all times to sue driver
of defendant's vehicle, new defendant was aware suit had been
filed naming wrong person as driver and knew that she was driver,
and insurer which had been involved in negotiations with
plaintiff's counsel knew correct identities and mistaken
identification).

For all of the above reasons, as well as for the reasons
stated in the Plaintiff's Motion for Leave to Amend Complaint,
Plaintiff's Memorandum in Reply to Oliver Hummels' Opposition to
Plaintiff's Motion for Leave to Amend Complaint, and the
materials submitted in support of those documents, Annie Battard,
the plaintiff, respectfully requests this Court to allow her
Motion for Reconsideration and to allow her Motion for Leave to
Amend Complaint.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Annie Battard, the plaintiff, hereby requests oral argument
of the above motion.

<u>**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**</u>

On June 1, 7, 8, and 10, 2005, I, Mark F. Itzkowitz, counsel
for the plaintiff, discussed and reviewed the substance of the
foregoing motion by telephone conferences and messages with

Attorney Terence G. Kenneally and by correspondence with

Attorneys Kenneally and Thomas J. Muzyka, counsel for the

defendant and for Oliver Hummels.  Attorneys Muzyka, Kenneally

and I were unable to resolve our differences and request this

Court to review our submissions and decide the Motion.

                              The Plaintiff,
                              By her Attorney,


                              _____
                              MARK F. ITZKOWITZ (BBO #248130)
                              85 Devonshire Street
                              Suite 1000
                              Boston, MA    02109-3504
                              (617) 227-1848
                              June 10, 2005

## CERTIFICATE OF SERVICE

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby
certify that on this date, I made service of the within document
by mailing/faxing/hand-delivering a copy of same to counsel of
record:

        Thomas J. Muzyka, Esquire
        Terence G. Kenneally, Esquire
        Clinton & Muzyka, P.C.
        One Washington Mall
        Suite 1400
        Boston, MA    02108.

                              /s/ Mark F. Itzkowitz
                              MARK F. ITZKOWITZ (BBO #248130)
Dated: June 10, 2005

6