```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

                         Civil Action No. 04-11856-GAO

ANNIE BATTARD,      )
     Plaintiff     )
                    )
     v.             )     AFFIDAVIT OF MARK F. ITZKOWITZ
                    )
ANTONIO CAPELA,     )
     Defendant      )
```

1.  My name is Mark F. Itzkowitz. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and the State of New York, in the federal District Courts of Massachusetts and the Eastern, Northern and Southern Districts of New York, and in the U.S. Courts of Appeals for the First and Second Circuits.

2.  I make this affidavit freely, based upon my personal knowledge except where otherwise indicated and where so indicated, based upon information and belief which I believe to be true.

3.  I am the attorney for the plaintiff, Annie Battard, and have been since the autumn of 2001.

4.  As part of my investigation of this action, I have interviewed by telephone Ivy Smith and Cassidy Gillespie, who were aboard Antonio Capela's vessel at the time that Annie Battard was injured.

5.  At the conclusion of my interviews, I prepared affidavits for the witnesses to review, revise and sign, based

upon the information which they had provided to me during our conversations.

6. Ivy Smith is a minor of approximately 16 years of age.

7. During our conversation, her father, Michael Smith, participated in the conversation.

8. Mr. Smith indicated that while he would permit his daughter to answer my questions, he was disinclined to permit her to sign an affidavit.

9. Hereto annexed is a true and accurate copy of the affidavit which I prepared for Ivy Smith to sign.

10. I obtained the information contained in the affidavit during my interview with Ivy Smith and accurately recorded it into affidavit format.

11. When I did not receive the signed affidavit from Ivy Smith, I telephoned Mr. Smith to inquire.

12. Mr. Smith informed me that he did not want his daughter to sign the affidavit and did not see the need for her to do so inasmuch as she did not recall much of the information sought by my questions.

13. I reminded Mr. Smith that I had asked Ivy Smith to review the affidavit for accuracy and to inform me of any inaccuracies so that I could revise it before I obtained her signature.

14. Mr. Smith indicated that the accuracy of the affidavit

was not at issue but rather that he did not want his minor daughter further involved in these legal proceedings.

15. I informed Mr. Smith that I likely would be obliged to depose his daughter to record the information which appears in her affidavit, and I explained the process to him.

16. Mr. Smith advised me that he did not want his daughter to participate voluntarily in the proceedings any further and stated that if I subpoenaed her for deposition he recognized that she would have to appear and that it would be a "civics lesson" for her.

17. Mr. Smith and I discussed potential dates for Ivy Smith's deposition such that the deposition would not interfere with her school schedule or with her summer activities. The likely dates begin during the last week of June 2005.

18. I have been in written and oral communication with Brian Morrissey of Marine Safety Consultants, Inc., adjuster for International Marine Underwriters, the insurer for Antonio Capela, since February 2002. I was in telephone and written contact with International Marine Underwriters in February 2002, when they referred me to Mr. Morrissey.

19. I have been advised that Mr. Hummels is covered by the insurance policy issued to Antonio Capela and that the insurer has retained defense counsel to represent the interests of both the defendant and Mr. Hummels.

20. Despite a series of correspondence and verbal communications between Mr. Morrissey and me over the last three years, at no time has Mr. Morrissey ever indicated that anyone other than Antonio Capela operated Mr. Capela's vessel at the time that Ms. Battard was injured.

Signed under the pains and penalties of perjury, this 8th day of June, 2005.

                                                            _____
                                                            MARK F. ITZKOWITZ (BBO #248130)

**CERTIFICATE OF SERVICE**

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

    Thomas J. Muzyka, Esquire
    Terence G. Kenneally, Esquire
    Clinton & Muzyka, P.C.
    One Washington Mall
    Suite 1400
    Boston, MA  02108.

                                          /s/ Mark F. Itzkowitz
                                          MARK F. ITZKOWITZ (BBO #248130)

Dated:  June 8, 2005