UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

ANNIE BATTARD
    Plaintiff,

VS.

ANTONIO CAPELA
    Defendant.

## DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW OR AMEND ADMISSIONS PURSUANT TO FED.R.CIV.P. 36(B)

Now comes the defendant, Antonio Capela, by and through his undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court for Leave to withdraw or amend his defaulted Admissions because the Responses were not timely filed due to counsel's inadvertence.

As grounds in support of this motion, the defendant submits the following.

### BACKGROUND

1. On January 27, 2005, the defendant served the plaintiff's counsel with Interrogatories, Request for the Production of Documents, and his Automatic Disclosure Statement.

2. On February 14, 2005, the parties submitted and this Honorable Court adopted the Joint Statement detailing the Discovery Schedule for this matter.

2

3. Under the Joint Statement, the parties agreed that the completion deadline for factual discovery will be February 14, 2006.

4. Under the Joint Statement, the parties agreed that all discovery responses are due within 30 days of requests, and therefore no later than December 14, 2005.

5. On March 16, 2005, the defendant's counsel received a copy of the plaintiff's First Request for Admissions, Interrogatories, Request for Production of Documents and Request for Inspection of the defendant's vessel. A copy of the plaintiff's First Request for Admissions is attached hereto as **Exhibit A**.

6. In late March and April 2005, the plaintiff filed a Motion for Leave to Amend the Complaint and the defendant's counsel filed an Opposition on behalf of the new proposed defendant, Oliver Hummels.

7. On April 15, 2005, plaintiff's counsel called defendant's counsel requesting defendant's assent to the plaintiff's Request for Leave to File a Memorandum in Reply to Oliver Hummels' Opposition to Plaintiff's Motion for Leave to Amend Complaint. This motion permitted and provided additional time as requested by plaintiff's counsel for the plaintiff to file her reply to defendant's Opposition. Defendant's counsel assented

3

to the plaintiff's request for an extension of time. A copy of the plaintiff's counsel's confirmation letter is attached hereto as **Exhibit B**.

8. On May 18, 2005, plaintiff's counsel sent a letter to defendant's counsel providing a status on plaintiff's Responses to the defendant's Request for Production and seeking the status on the defendant's discovery responses.

9. On May 22, 2005, the plaintiff's Motion to Amend the Complaint was denied.

10. On May 31, 2005, the defendant's counsel sent a facsimile to plaintiff's counsel stating that defendant's Answers to Interrogatories and Responses to Request for the Production of Documents will be forwarded during the week of June 6, 2005.

11. On June 1, 2005, the defendant's counsel called the plaintiff's counsel seeking an extension to respond to the plaintiff's Request for Admission after it was discovered that defendant's counsel inadvertently failed to file Responses to the Requests within thirty (30) days of service. Plaintiff's counsel requested time to consider whether the plaintiff would grant the defendant an extension to respond to the Request for Admissions.

4

12. On June 7, 2005, plaintiff's counsel called defendant's counsel offering the requested extension to respond to the Request for Admissions upon the condition that the defendant's counsel assent to a Motion for Reconsideration of the Court's denial of the plaintiff's Motion to Amend the Complaint.

13. After receiving and reviewing the plaintiff's Motion for Reconsideration on June 10, 2005, the defendant's counsel declined to assent to the motion and informed plaintiff's counsel that we would be filing this motion for the Court's review and consideration.

14. On June 10, 2005, the defendant's counsel faxed and couriered copies of the defendant's Answers to Interrogatories and Responses to plaintiff's Request for Admissions to plaintiff's counsel. A copy of the defendant's Answers to Interrogatories and Responses to plaintiff's Request for Admissions are attached hereto as **Exhibits C and D respectively.**

### ARGUMENT

This motion is filed on behalf of the defendant because Responses to the plaintiff's Request for Admissions were not timely filed due to defendant counsel's inadvertence.

*Federal Rules of Civil Procedure Rule 36 (b) Effect of Admission* states:

5

> Any matter admitted under this rule is conclusively established **_unless the court on motion permits withdrawal or amendment of the admission_**. Subject to the provision of Rule 16 governing amendment of a pre-trial order, **_the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits_**. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

Fed.R.Civ.P. 36(b) provides for relief from failure to timely respond to Request for Admissions when the presentation of the merits of the action will be promoted and the party who obtained the admission will not be prejudiced in maintaining the action on the merits. _**7-Eleven, Inc. v. Chaudhry, 2002 WL 18880728 (D.Mass.) citing to Farr Mann & Co. v. M/V Rozita, 903 F.2d 871, 875 (1st Cir.1990)**_. Here, defendant's counsel assigned to assist in handling the file through inadvertence misfiled the plaintiff's Requests for Admissions. Upon defendant's counsel's discovery of his inadvertence, defendant's counsel contacted plaintiff's counsel in an effort to resolve the issue concerning defendant's failure to timely serve responses. The parties were unable to reach a resolution of the matter. Accordingly, defendant's counsel files this motion seeking this Honorable Court's leave to correct the responses in the interest of

6

justice and to seek a determination of the plaintiff's claim on the merits. The defendant submits that he has meritorious defenses to the plaintiff's claim.

Fed.R.Civ.P. 36(b) emphasizes the importance of having the action resolved on the merits while assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice. **Farr Mann & Co. at 876**. Here, the defendant should not be subject to the conclusive effects of his counsel's failure to timely respond to the plaintiff's Request for Admissions. District Courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Fed.R.Civ.P. (36). **Id.** The defendant's counsel submits that his oversight was not willful and the inclusion of subparagraph (b) within Fed.R.Civ.P. (36) contemplates such occurrence and acknowledges that mistakes occur. Defendant's counsel further submits that this matter should be resolved on the merits because justice and fairness will be extended to both parties which our judicial system prefers.

The Discovery in this matter is in its preliminary stages. The plaintiff's case is and will not be prejudiced by the defendant's requested amendments. The U.S. Court of Appeals for the First Circuit has stated:

7

> "the prejudice contemplated by the Rule (Fed.R.Civ.P. (36)(b)) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions. *Brook Village N. Assocs. v. General Elect. Co.*, 686 F.2d 66, 70 (1st Cir. 1982).

In this case, three of the five witnesses onboard the defendant's vessel continue to reside in Massachusetts including the defendant and the vessel's operator, Oliver Hummels. The remaining two witnesses are the plaintiff and another passenger, Cassidy Gillespie, who now resides in Tokyo, Japan. Defendant's counsel understands upon information and belief that Ms. Gillespie relocated to Japan two or three years ago to teach English to Japanese students. Her departure from the United States predated the plaintiff's filing of the Complaint on August 25, 2004. Despite the plaintiff's failure to interview Ms. Gillespie before her relocation to Japan, the plaintiff's counsel recently interviewed Ms. Gillespie and she provided him with an Affidavit (previously submitted to defendant's counsel) concerning her recollection of the events surrounding the alleged incident. A copy of Ms. Gillespie's Affidavit is attached hereto as **Exhibit E**. Accordingly, the plaintiff and her counsel have the same available opportunity to obtain

8

evidence addressed by the admissions because all knowledgeable witnesses are either residing in Massachusetts or their whereabouts are known. To date, no depositions have been scheduled in this matter and the plaintiff will have sufficient opportunity to obtain evidence and further discovery with respect to the questions previously answered by the admissions. Accordingly, the plaintiff's case will not be prejudiced in any way by the granting of this Motion for Leave to Withdraw or Amend the Response to Request for Admissions as detailed in the attached **Exhibit D**.

**WHEREFORE**, the defendant, Antonio Capela, respectfully requests that this Honorable Court grant him Leave to withdraw or amend his Response to plaintiff's Request for Admissions as detailed in the attached **Exhibit D**.

                                        Respectfully Submitted,
                                        **DEFENDANT**
                                        **CLINTON & MUZYKA, P.C.,**

                                        "/s/Thomas J. Muzyka"
                                        **Thomas J. Muzyka**
                                        **BBO NO: 365540**
                                        **Terence G. Kenneally**
                                        **BBO NO: 642124**
                                        Clinton & Muzyka, P.C.
                                        One Washington Mall
                                        Suite 1400
                                        Boston, MA 02108
                                        (617) 723-9165

9

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Boston, MA                                          June 10, 2005

    I, Terence G. Kenneally, on June 10, 2005 hereby certify that plaintiff's counsel's telephoned me today and left a message inquiring whether the defendant assented to the plaintiff's Motion for Reconsideration of her Motion to Amend the Complaint. In reply to plaintiff's counsel's voicemail message, I returned his call and he was not available to take my return call. I therefore left a message on plaintiff's counsel's voicemail stating that the defendant did not assent to the plaintiff's Motion for Reconsideration of her Motion to Amend the Complaint and we would be filing this motion with the Court. In addition, our office sent a facsimile to plaintiff's counsel confirming that the defendant did not assent to the plaintiff's Motion for Reconsideration and we would be filing this motion with the Court.

                                              "/s/Terence G. Kenneally"