UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                    Civil Action No. 04-11856-GAO

| | |
|---|---|
| ANNIE BATTARD,            )<br>     Plaintiff        )<br>                          )<br>     v.                   )<br>                          )<br>ANTONIO CAPELA,           )<br>     Defendant        ) | **PLAINTIFF'S STATEMENT PURSUANT TO<br>LOCAL RULE 56.1 IN SUPPORT OF<br>PLAINTIFF'S MOTION FOR PARTIAL<br><u>SUMMARY JUDGMENT ON LIABILITY</u>** |

    Pursuant to Local Rule 56.1, Annie Battard, the plaintiff, hereby submits the following Statement of Uncontested Facts in Support of Plaintiff's Motion for Partial Summary Judgment on Liability. All of the facts are taken from the Plaintiff's First Request for Admissions by Defendant, Antonio Capela, which were deemed admitted as a result of the defendant's failure to answer them timely, and correspond to the numbering of those requests.

    1.   On August 27, 2001, the defendant, Antonio Capela, was the owner of a 22 foot 2001 Islandia Sea Doo Bombardier single propeller recreational vessel which was duly registered pursuant to the laws of the Commonwealth of Massachusetts, registration number MS9121AB (hereafter "the vessel").

    2.   On August 27, 2001, the plaintiff rode as an invited guest in the defendant's vessel.

    3.   Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were all of the individuals aboard the vessel on August 27, 2001 at the time when the plaintiff was injured.

    4.   Oliver Hummels and the defendant are friends and

domestic partners.

5. Oliver Hummels and the defendant have lived together in a single family home at 8 Julia Street, Newburyport, since before Annie Battard was injured on August 27, 2001.

6. Oliver Hummels and the defendant jointly own the single family home at 8 Julia Street, Newburyport, as joint tenants.

7. At divers times during the voyage on August 27, 2001, the defendant operated the vessel.

8. At divers times during the voyage on August 27, 2001, Oliver Hummels operated the vessel.

9. During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel with the defendant's permission.

10. During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel with the defendant's knowledge.

11. During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel under the defendant's guidance.

12. During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel under the defendant's control.

13. On August 27, 2001, the vessel operated on the waters of the Merrimack River in the vicinity of Newburyport.

14. On August 27, 2001, the waters of the Merrimack River in the vicinity of Newburyport, constituted a navigable waterway.

15. On August 27, 2001, Annie Battard sustained injuries aboard the vessel.

16. At the time she was injured, Annie Battard was sitting at the bow of the vessel.

17. At the time Annie Battard was injured, Cassidy Gillespie and Ivy Smith were seated at the bow of the vessel.

18. The vessel was jet powered.

19. The vessel had a single deck.

20. At the time Annie Battard was injured, the defendant and Oliver Hummels were on the same deck.

21. At the time Annie Battard was injured, the sea was rough.

22. At the time Annie Battard was injured, Oliver Hummels was operating the vessel.

23. At the time Annie Battard was injured, Oliver Hummels was operating the vessel with the defendant's permission.

24. At the time Annie Battard was injured, Oliver Hummels was operating the vessel with the defendant's knowledge.

25. Just before Annie Battard was injured, Oliver Hummels was operating the vessel at high speed.

26. Just before Annie Battard was injured, Oliver Hummels was operating the vessel at an unsafe speed.

27. Just before Annie Battard was injured, the vessel struck a wave (hereafter "first wave").

28. When the vessel struck the first wave, Annie Battard, Cassidy Gillespie and Ivy Smith were lifted from their seats by the force of the wave.

29. The vessel did not slow after it struck the first wave.

30. Oliver Hummels did not slow the vessel after it struck the first wave.

31. The defendant did not slow the vessel after it struck the first wave.

32. The defendant did not take physical control of the operation of the vessel after it struck the first wave.

33. Shortly after it struck the first wave, the vessel struck a second wave.

34. When the vessel struck the second wave, Annie Battard was lifted from her seat by the force of the wave and landed violently in her seat.

35. After the vessel struck the second wave, Annie Battard fell from her seat and landed on the deck.

36. After Annie Battard landed on the deck, she was unable to get up.

37. After Annie Battard landed on the deck, the other people aboard the vessel were unable to help Annie Battard to her feet.

38. The defendant contacted the U.S. Coast Guard for assistance transporting Annie Battard to shore.

39. The U.S. Coast Guard transferred Annie Battard from the vessel to a U.S. Coast Guard vessel.

40. The U.S. Coast Guard transported Annie Battard to shore in Newburyport.

41. Annie Battard was transported by ambulance from shore to the Anna Jacques Hospital.

42. The defendant knew that Annie Battard had been injured aboard the vessel.

43. The defendant never filed a report of Annie Battard's injury with the Massachusetts Environmental Police.

44. The defendant operated the vessel negligently.

45. Oliver Hummels operated the vessel negligently.

46. The defendant operated the vessel at an unsafe speed.

47. Oliver Hummels operated the vessel at an unsafe speed.

48. The defendant operated the vessel in an unsafe configuration.

49. Oliver Hummels operated the vessel in an unsafe configuration.

50. The defendant operated the vessel in disregard of conditions existing on the River.

51. Oliver Hummels operated the vessel in disregard of conditions existing on the River.

52. The defendant operated the vessel in violation of existing laws, rules, regulations and customs regarding the safe operation of vessels.

53. Oliver Hummels operated the vessel in violation of existing laws, rules, regulations and customs regarding the safe operation of vessels.

54. The defendant's operation of the vessel caused the vessel to react violently and boisterously to the prevailing condition of the seas.

55. Oliver Hummels' operation of the vessel caused the vessel to react violently and boisterously to the prevailing condition of the seas.

56. As a direct and proximate result of the defendant's negligence, the plaintiff was injured.

57. As a direct and proximate result of Oliver Hummels' negligence, the plaintiff was injured.

58. The defendant negligently breached the duty of care he owed to the plaintiff by failing to exercise due, safe and reasonable care in the operation of his vessel upon navigable waters under existing conditions.

59. Oliver Hummels negligently breached the duty of care he owed to the plaintiff by failing to exercise due, safe and reasonable care in the operation of the defendant's vessel upon navigable waters under existing conditions.

        The Plaintiff,
By her Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
June 10, 2005

**<u>CERTIFICATE OF SERVICE</u>**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

    Thomas J. Muzyka, Esquire
    Terence G. Kenneally, Esquire
    Clinton & Muzyka, P.C.
    One Washington Mall
    Suite 1400
    Boston, MA   02108.

        /s/ Mark F. Itzkowitz
        MARK F. ITZKOWITZ (BBO #248130)
Dated: June 10, 2005