```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

                             Civil Action No. 04-11856-GAO
```

| | | |
|---|---|---|
| ANNIE BATTARD, | ) | |
|     Plaintiff | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT** |
|     v. | ) | **OF PLAINTIFF'S MOTION FOR PARTIAL** |
| | ) | **SUMMARY JUDGMENT ON LIABILITY** |
| ANTONIO CAPELA, | ) | |
|     Defendant | ) | |

## STATEMENT OF THE CASE

The defendant has admitted all of the facts relating to liability asserted in the Plaintiff's First Request for Admissions by the Defendant, Antonio Capela by failing timely to answer or object to the Requests. The admissions establish the defendant's liability to Annie Battard. There remain no genuine issues of material fact in dispute concerning liability. The plaintiff is entitled to judgment as a matter of law on that issue. Pursuant to Fed. R. Civ. P. 56, Annie Battard, the plaintiff, has moved this Court to enter Partial Summary Judgment on liability for the plaintiff on her Complaint. This Memorandum is submitted in support of her Motion.

## STATEMENT OF THE FACTS

The facts established by the admissions in this admiralty negligence action are as follows.

On August 27, 2001, Annie Battard, the plaintiff, rode as an invited guest in the 22 foot 2001 Islandia Sea Doo Bombardier single propeller recreational vessel which was duly registered to

the defendant, Antonio Capela, pursuant to Massachusetts law, registration number MS9121AB (hereafter "the vessel").  Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were all of the individuals aboard the vessel at the time when the plaintiff was injured.  Oliver Hummels and the defendant are friends and domestic partners and have lived together in a single family home at 8 Julia Street, Newburyport, since before Annie Battard was injured on August 27, 2001.

    At divers times during the voyage on August 27, 2001, the defendant and Oliver Hummels each operated the vessel.  During those times when Oliver Hummels operated the vessel, he did so with the defendant's permission, knowledge, and guidance, and under defendant Capela's control.

    At the time Annie Battard was injured, she, Cassidy Gillespie and Ivy Smith were seated at the bow of the vessel.  Defendant Capela and Hummels were on the same single deck of the jet powered vessel.

    On August 27, 2001, the vessel operated on the waters of the Merrimack River in the vicinity of Newburyport, a navigable waterway.  The sea was rough.  Oliver Hummels was operating the vessel at an unsafe speed.  Just before Annie Battard was injured, the vessel struck a wave ("first wave").  When the vessel struck the first wave, Annie Battard, Cassidy Gillespie and Ivy Smith were lifted from their seats by the force

of the wave.  Neither Hummels nor the defendant slowed the vessel after it struck the first wave, nor did the defendant assume operational control of the vessel.  Shortly after it struck the first wave, the vessel struck a second wave.  When the vessel struck the second wave, Annie Battard was lifted from her seat by the force of the wave and landed violently in her seat, suffering severe and permanent injuries.

The defendant and Oliver Hummels operated the vessel negligently, at an unsafe speed, in an unsafe configuration, in disregard of conditions existing on the River, and in violation of existing laws, rules, regulations and customs regarding the safe operation of vessels.  As a result, the defendant and Oliver Hummels caused the vessel to react violently and boisterously to the prevailing condition of the seas.

The defendant and Oliver Hummels negligently breached the duty of care they owed to the plaintiff by failing to exercise due, safe and reasonable care in the operation of the defendant's vessel upon navigable waters under existing conditions.  As a direct and proximate result of the defendant's and Oliver Hummels' negligence, the plaintiff, Annie Battard, was injured.

## II.  ARGUMENT

Motions for summary judgment are ordinarily filed in personal injury actions by defendants for the purpose of challenging the plaintiff's evidence.  However, summary judgment

is equally appropriate for plaintiffs when there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Such is the situation where the defendant has admitted all of the elements of the plaintiff's cause of action by failing to respond to requests for admissions.  *7-Eleven, Inc. v. Chaudhry*, 2002 WL 1880728 (D.Mass. 2002); *Equal Employment Opportunity Commission v. Baby Products Company, Inc.*, 89 F.R.D. 129, 131 (E.D.Mich. 1981)("*EEOC v. Baby Products Company*").

The purpose of Fed. R. Civ. P. 36 is to "define and limit the matters in controversy between the parties."  8 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §2252 at 704-05 (1970 & 1986 Supp.).  Requests for admissions may address statements of fact, opinions of fact, and the application of law to fact.  Fed. R. Civ. P. 30(a).  "[T]he rule is well established, as it should be, that when admissions pursuant to Rule 36 constitute matters which are dispositive of a case, summary judgment in favor of the party who obtained the admissions is appropriate.  *EEOC v. Baby Products Company,* 89 F.R.D. at 131, *citing Weva Oil Corp. v. Belco Petroleum Corp.,* 68 F.R.D. 663, (N.D.W.Va. 1975).

By its explicit operation, requests for admissions not responded to within thirty days are deemed admitted and conclusively establish the truth of those admissions for that case.  *7-Eleven, Inc. v. Chaudhry*, 2002 WL 1880728 at *1.  Thus

4

requests for admissions operate as effectively without any response by the defendant as they do by an affirmative admission. Fed. R. Civ. P. 36(b).

The time for the defendant to have responded to the plaintiff's request for admissions has expired. The defendant did not respond. By operation of Rule 36, the admissions are deemed admitted and conclusive for purposes of the instant action. Fed. R. Civ. P. 36(b). The plaintiff's motion for summary judgment based upon the defendant's deemed admissions is proper.

The admissions allege all of the liability elements of the plaintiff's cause of action: duty of care, breach of duty, and proximate causation. Only damages remain to be assessed.

## V. CONCLUSION

For all of the above reasons, this Court should grant the Plaintiff's Motion for Partial Summary Judgment on Liability.

                                The Plaintiff,
                                By her Attorney,

                                _____
                                MARK F. ITZKOWITZ (BBO #248130)
                                85 Devonshire Street
                                Suite 1000
                                Boston, MA   02109-3504
                                (617) 227-1848
                                June 10, 2005

## **CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

    Thomas J. Muzyka, Esquire
    Terence G. Kenneally, Esquire
    Clinton & Muzyka, P.C.
    One Washington Mall
    Suite 1400
    Boston, MA   02108.

                                  /s/ Mark F. Itzkowitz
                                MARK F. ITZKOWITZ (BBO #248130)

Dated: June 10, 2005