UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

**ANNIE BATTARD**
    Plaintiff,

VS.

**ANTONIO CAPELA**
    Defendant.

## OLIVER HUMMELS' OPPOSITION TO PLAINTIFF'S MOTION TO RENEW AND TO REQUEST THIS COURT TO RECONSIDER IT'S DENIAL OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Now comes, Oliver Hummels, in the above entitled action, by his counsel, Clinton & Muzyka, P.C., and files his Opposition to the plaintiffs' Motion to Renew and to Request Reconsideration of her Motion for Leave to Amend the Complaint.

As grounds in support of his Opposition, Hummels submits the following factual circumstances and legal authority.

### PROCEDURAL BACKGROUND

1. On August 27, 2001, the plaintiff was riding in Antonio Capela's 20 foot inboard/outboard boat. The plaintiff alleges sustaining personal injuries while the boat was then being driven by Oliver Hummels.

2. On August 25, 2004, the plaintiff filed the Complaint against the defendant, Antonio Capela (hereinafter

2

    referred to as "Capela".), alleging that she was injured aboard his vessel on or about August 27, 2001. This Complaint was filed three [3] days before the three [3] year statute of limitations expired.

3. On December 9, 2004, some one hundred six [106] days after the filing of the Complaint, the plaintiff served Antonio Capela with the Summons and Complaint. This was within the one hundred and twenty [120] day period provided by Rule 4 (m) of the Fed.R.Civ.P.

4. On March 23, 2005, some two hundred and ten (210) days, [approximately 7 months] after filing the Complaint, the plaintiff moved to amend the Complaint to add Oliver Hummels (hereinafter referred to as "Hummels") as a defendant alleging he negligently operated Capela's vessel on or about August 27, 2001.

5. On March 25, 2005, the defendant filed a Motion for Extension of Time to file an Opposition to Plaintiff's Motion for Leave to Amend the Complaint.

6. On April 11, 2005, Hummels filed his Opposition to the plaintiff's Motion to Amend the Complaint.

7. On April 15, 2005, the defendant assented to plaintiff's request for additional time to file her Reply. The plaintiff filed an Assented to Motion for Extension of

3

Time to file a Reply to Hummels' Opposition to the plaintiff's Motion to Amend the Complaint.

8. On April 22, 2005, the plaintiff filed a Reply to Hummels' Opposition to the plaintiff's Motion to Amend the Complaint.

9. On May 12, 2005, this Honorable Court entered an electronic order denying Plaintiff's Motion for Leave to Amend the Complaint and granting the defendant's Motion for Extension of Time to file an Opposition to Plaintiff's Motion for Leave to Amend the Complaint.

10. On June 10, 2005, plaintiff filed a Motion to Renew and to Request Reconsideration of her Motion for Leave to Amend the Complaint and requested a hearing on the motion.

**ARGUMENT**

This Honorable Court, in its first ruling, properly denied the plaintiff's Motion for Leave to Amend the Complaint.  This Court should now deny plaintiff's Motion to Renew and to Request Reconsideration of her Motion for Leave to Amend the Complaint for the following reasons.[1]

---

[1] The present Motion also attempts to improperly add an additional cause of action, for negligent supervision and entrustment of the operation of the vessel against defendant, Antonio Capela.

4

The following numbered paragraphs are numbered to correspond to the plaintiff's paragraphs contained in her present Motion.

**1.** The Court's initial decision accepts the defendant's argument that the statute of limitation, 46 USC App. 763a, expired before the Motion to Amend the Complaint was filed. This is a claimed defense of undue delay. Additionally, Oliver Hummels also argued prejudice in the collection of evidence for a defense of this matter at this late time. Since Oliver Hummels was not named and not served, it is clear that there was no mistake of identity because the plaintiff observed and knew who was driving the boat. The Court relying on the statute of limitations, failure to serve within the 120 day period under F. R. of Civ. P 4(m), and the claimed prejudice properly denied the Motion to Amend the Complaint. The plaintiff's new allegations that Oliver Hummels did not challenge or claim undue delay, prejudice, and some how waived the procedural predicate is refuted by the Opposition and Affidavit filed in opposition to the Motion to Amend the Complaint.

**2. - 8.** The plaintiff now provides new and additional evidence to support her position and pending Motion. The plaintiff's present motion relies primarily upon

5

"[a]dditional evidence obtained since the plaintiff filed her Motion [to Amend the Complaint]. ***See paragraph 2 of plaintiff's Motion for Reconsideration.*** The inquiry into whether or not a mistake occurred is objective and requires the Court to consider the totality of the circumstances and the relevant facts at issue. ***Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 133 (D.R.I.2004) citing to Bowden v. Wal-Mart Stores, Inc., 124 F.Supp.2d 1228, 1242 (M.D.Ala.2000)***. The Court must inquire into what the plaintiff knew or thought he or she knew, at the time the original pleading was filed. ***Lacedra at 133 citing to Leonard v. Parry 219 F.3d 25, 29 (1st Cir. 2000).*** What the plaintiff learned later cannot be relevant for this purpose. ***Leonard at 29.*** Here, Hummels has attested to first meeting the plaintiff through their mutual friendship with Deborah Smith in 1999. ***See the Affidavit of Oliver Hummels submitted in support of his Opposition to plaintiff's Motion to Amend.*** Further, the plaintiff sat in the starboard bow seat directly in front of Hummels, who was at the helm, while the vessel cruised <u>for an hour</u> on the Merrimack River on August 27, 2001. ***See the Affidavit of Oliver Hummels submitted in***

6

*support of his Opposition to plaintiff's Motion to Amend.* Accordingly, the plaintiff not only observed but knew at the time the Complaint was filed on August 25, 2004 that Hummels was the operator of Capela's, boat.

Further still, the plaintiff through reasonable inquiry should have discovered/learned that Oliver Hummels was the operator of the vessel before the expiration of the Statute of Limitation on August 27, 2004. Plaintiff's counsel now claims that the U.S. Coast Guard Search and Rescue Report states that "Capela reportedly identified himself to the Coast Guard as the operator." *See paragraph 3 of plaintiff's Motion for Reconsideration.* Despite the evidentiary issue prohibiting the use of Coast Guard reports as evidence, this information should have been confirmed before the expiration of the statute of limitations. *U.S. v. Water Quality Insur. Syndicate, 2005 WL 950643 (D.Me.) citing to 46 U.S.C.A. § 6308(a).* The dilatory practice of waiting until three [3] days before the statute expired is the cause of this motion and not the misidentification of the proper defendant.

**9. & 10.** The claim that the defendant Capela's is being defended by an insurer, that the policy may also insure other individuals, and that the insurer never identified

7

the operator to plaintiff's counsel has no bearing on this motion. It should be noted that the plaintiff is seeking damages that will extend beyond the limited insurance coverage and into the personal assets of any defendant.

In the first instance, plaintiff's counsel did not inquire with the insurer concerning the operator's identity. The insurer has no duty to provide any such information to plaintiff's counsel. In point of fact, nearly all of the pre-litigation discussions with plaintiff's counsel were directed to providing the plaintiff with a no-fault payment of money to cover medical expenses. Unfortunately, the plaintiff has not provided the underwriter with the necessary information and such payment has not been made despite the underwriter's willingness to make such payment. Accordingly, any mistake in identifying Oliver Hummels as the operator of Capela's vessel before the filing of the Complaint and the expiration of the Statute of Limitation can only be imputed to the plaintiff and her counsel.

The plaintiff further contends that her misidentification was a "reasonable mistake" relying upon the First Circuit's decision in ***Leonard v. Parry,***

8

*supra.*  In *Leonard,* the plaintiff misidentified the driver of "the other" automobile that was involved in a collision with plaintiff's automobile.  The plaintiff moved to amend the Complaint to add the operator after the expiration of the Statute of Limitations, but within the 120-day default period proscribed by Fed.R.Civ.P. 4(m) period to serve.  After being served with the Amended Complaint and within the 120-day default period proscribed by Fed.R.Civ.P. 4(m), the actual driver, *Parry*, moved to dismiss the Amended Complaint claiming she was sued too late.  *Leonard at 27.*  The District Court granted Parry's motion to dismiss and subsequently denied the plaintiff's motion for reconsideration.  *Id.*

In reviewing the District Court's decision, the Court of Appeals found that the only issue for review was the third requirement of Fed.R.Civ.P. 15(c)(3), knowledge of a mistake of identity.  *Leonard at 28.*  The Court of Appeals stated:

> To satisfy this criterion, the amendment's proponent must show not only that he made a mistake anent the proper party's identity, but also that the later named-party, within the prescribed limit, knew or should have known that, but for this mistake, the action would have been brought against her. *Id.*

9

The Court of Appeals reversed the decisions of the District Court finding that the plaintiff did make a mistake regarding the driver's identity. *Id. at 29.*

The matter before this Honorable Court is factually and procedurally distinct from *Leonard.* The plaintiff was aboard Capela's boat and had known both Hummels and Capela before the alleged incident. *See the Affidavit of Oliver Hummels submitted in support of his Opposition to plaintiff's Motion to Amend.* In *Leonard,* the plaintiff and defendant were complete strangers driving two separate automobiles. *Leonard at 27.* The fact that the parties were strangers understandably contributed to the plaintiff's misidentification of the proper defendant. *Id.* Further, the plaintiff did not notify Hummels that she intended to add him as defendant until March 23, 2005, seven [7] months after the expiration of the Statute of Limitations. In *Leonard,* the plaintiff served the Amended Complaint on the proposed defendant eighty-six (86) days after the expiration of the Statute of Limitations *and* within the 120-day default period proscribed by Fed.R.Civ.P. 4(m). The plaintiff in *Leonard* met the requirements of the Federal Rules of Civil Procedure. Here, the plaintiff has failed to meet the requirements of the Federal Rules of Civil

10

Procedure and this Honorable Court properly and justifiably denied her Motion for Leave to Amend the Complaint.  Accordingly, Oliver Hummels, unlike the defendant in **Leonard,** could not reasonably expect to be added as a defendant, was known to the plaintiff individually and should have been known as the operator of Capela's vessel, and for more than three and one half [3½] years has not prepared the matter for defense and is now severely prejudiced.

**WHEREFORE**, Oliver Hummels prays that this Honorable Court, for the reasons stated herein, deny the plaintiff's Motion to Renew and to Request Reconsideration of her Motion for Leave to Amend the Complaint.

Respectfully Submitted,
**On behalf of
OILVER HUMMELS
CLINTON & MUZYKA, P.C.,**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka
BBO NO: 365540
Terence G. Kenneally
BBO NO: 642124**
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

DATED: June 20, 2005