```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

                                  Civil Action No. 04-11856-GAO

ANNIE BATTARD,       )
    Plaintiff        )    **PLAINTIFF'S MEMORANDUM IN**
                     )    **OPPOSITION TO DEFENDANT'S**
    v.               )    **MOTION FOR LEAVE TO**
                     )    **WITHDRAW OR AMEND ADMISSIONS**
ANTONIO CAPELA,      )
    Defendant        )
```

## INTRODUCTION

Four interrelated procedural motions are now before the Court for resolution: 1) Plaintiff's Motion to Renew and to Request this Court to Reconsider It's Denial of Plaintiff's Motion for Leave to Amend Complaint; 2) Plaintiff's Motion for Partial Summary Judgment on Liability; 3) Defendant's Motion for Leave to Withdraw or Amend Admissions Pursuant to Fed. R. Civ. P. 36(b); and 4) Defendant's Motion for Stay of the Plaintiff's Motion for Partial Summary Judgment on Liability. The plaintiff, Annie Battard, by her motions and oppositions seeks to leave the parties in equivalent posture before the Court: either with all of the arguably culpable individuals, defendant Antonio Capela and Oliver Hummels, before the Court so that the plaintiff fairly may bear the burden of proving their alleged negligence on the merits and the plaintiff may be awarded fair and just compensation if the fact finder determines that either or both of them are negligent; or, alternatively, with one of the arguably culpable individuals, Oliver Hummels, escaping liability due to

procedural consequences which do not address the merits of the claim and the second arguably culpable individual, defendant Antonio Capela, bearing that liability alone due to procedural consequences which do not address the merits of the claim.  The defendant and Mr. Hummels by their pleadings seek to gain an unfair and prejudicial procedural advantage, which would permit both of the arguably culpable individuals to escape liability due to procedural consequences which do not address the merits of the claim and which would preserve defendant Capela's ability to pursue an admiralty defense which would deny Ms. Battard fair and just compensation for her permanent damages.  This Memorandum addresses the issues raised specifically by the Defendant's Motion for Leave to Withdraw or Amend Admissions Pursuant to Fed. R. Civ. P. 36(b).

## STATEMENT OF THE CASE

On August 27, 2001, Annie Battard suffered severe and permanent injuries during a voyage upon a 22 foot 2001 Islandia Sea Doo Bombardier single propeller recreational vessel which was owned by the defendant, Antonio Capela.  Ms. Battard, a native of France with a poor command of English, was visiting Cassidy Gillespie, her sister, Ivy Smith, both of whom were guests aboard the vessel, and their mother, when she was injured during the voyage.  Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were all of the individuals aboard the

vessel at the time when the plaintiff was injured. Oliver Hummels and the defendant are domestic partners and lived together in a single family home before and after August 27, 2001. Ms. Battard first met Mr. Hummels the day before the voyage and was in his presence for less than an hour during the voyage, according to the affidavit which she submitted in reply to Oliver Hummels' opposition to her Motion for Leave to Amend her Complaint.

The vessel possessed a single deck. Mr. Hummels and the defendant stood together at the controls during the voyage along the Merrimack River. As the vessel entered the waters of the Atlantic Ocean, the seas became rough. The operator did not alter the speed or course or configuration of the vessel relative to the waves. The men did not change positions at the controls. The vessel struck two waves which threw the women from their seats at the bow of the vessel. The force of the impact of the second wave caused Ms. Battard's T12 vertebrae to fracture and burst; bone fragments extended into and compromised her spinal canal, causing neurologic and bowel and bladder damage from which she has not recovered after four years, despite extensive medical and hospital treatment and therapy in the U.S. and France.

None of the three women knew which of the men operated the vessel. The Coast Guard report indicates that defendant Capela was both operator and owner, and attributes that information to

"Tony" (defendant Antonio Capela). During the years of negotiation between defendant Capela's insurer and Ms. Battard's counsel, and after he was served with process within the period allowed by the Rules of Civil Procedure at the home which he has shared with Oliver Hummels, neither defendant Capela nor any of his representatives indicated that anyone but that defendant operated the vessel.

At the Rule 16 Conference before this Court, defendant Capela's counsel indicated for the first time that Oliver Hummels was operating the vessel during the voyage. Shortly after the Conference, counsel for Ms. Battard sought to narrow the issue of the operator's identity and other issues by serving Requests for Admissions upon the defendant which, *inter alia*, postulated a series of alternative versions of the facts so that the defendant could confirm his version and eliminate alternatives. Ms. Battard also moved to add Oliver Hummels as a defendant, based upon the defendant's version of the facts. She indicated in her responses to the defendant's interrogatories that the defendant's suggestion refreshed her recollection that Mr. Hummels was operating the vessel; a fact which she had not recalled previously.

Although he was insured by the same policy as defendant Capela, shared the same real assets, and was represented by the same counsel, Oliver Hummels opposed the Plaintiff's Motion for

Leave to Amend [her] Complaint as untimely, claiming that he would be prejudiced by service beyond the period for perfecting service. Defendant Capela lacked protection of the statute of limitations. The Court denied the motion to amend.

As a consequence of the procedural posture of the case, the statute of limitations bars Ms. Battard's claim against the individual whom both parties and Mr. Hummels claim operated the vessel but not against the defendant, even though both Capela and Hummels *alone* knew all along which of them operated the vessel, incorrect information was provided to the Coast Guard by the defendant, the evidence did not change or deteriorate during the two months between service upon defendant Capela and the Rule 16 Conference at which this issue surfaced, and four of the five individuals aboard the vessel have provided information and/or testimony which indicated that they either did not know who operated the vessel or identified defendant Capela as the operator of the vessel at the time that Ms. Battard was injured. Moreover, evidence that defendant Capela was not operating the vessel at the time of Ms. Battard's injury enables the defendant to claim the admiralty defense of limitation of liability; a defense which would not be available to him if he is determined to have been the operator. 46 U.S.C. App. §183(a).

The procedural posture of the case changed to place the parties in equivalent positions once again by the defendant's

5

failure to answer the Plaintiff's First Request for Admissions by the Defendant, Antonio Capela. By the express terms of Fed. R. Civ. P. 36, defendant Capela has admitted all of the plaintiff's requests. As a consequence, defendant Capela has admitted, *inter alia*, that he operated the vessel when Ms. Battard was injured, and that to the extent that Oliver Hummels may have operated it, Hummels did so with the defendant's permission, knowledge, and guidance, and under defendant Capela's control. On the basis of these admissions, the plaintiff has moved for summary judgment on liability.

The defendant's Motion to Withdraw or Amend its Admissions seeks to again place Ms. Battard at a prejudicial procedural disadvantage; holding her strictly liable for the procedural consequences of her mistaken identity of the operator of the vessel while enabling defendant Capela to escape the procedural consequences of his admissions. Moreover, although the defendant has served his late responses to the requests for admissions, he deliberately refused to answer the three requests which addressed the issue of his relationship with defendant Capela and sought to establish the identity of their interests for purposes of enabling this Court to review that issue again in consideration of the Plaintiff's Motion to Renew and to Request this Court to Reconsider It's Denial of Plaintiff's Motion for Leave to Amend Complaint. *See* Letter of Mark F. Itzkowitz to Thomas J. Muzyka,

Esquire and Terence G. Kenneally, Esquire (June 15, 2005) (initiating Local Rule 7.1 and 37.1 conference). *Moses v. Joint Frost, M/V,* 1993 WL 140638 at *2 (D.Mass. 1993) (Wolf, J.) ("[A] new party may be added [under the identity-of-interest doctrine] 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced'"; allowing amendment to add new party), *quoting Hernandez Jiminez v. Calero Toledo,* 604 F.2d 99, 102 (1st Cir. 1979); *Holoway v. Triola,* 1997 WL 791472 at *3 (E.D.La. 1997), *citing Hernandez Jiminez v. Calero Toledo,* 604 F.2d 99 (presumption held to apply to addition of a spouse as a new defendant in an action pending against the other spouse, due to the identity of interests of the marital partners and the likelihood that service upon one would have been made known to the other). *See also Simpson v. City of Maple Heights,* 720 F.Supp. 1303, 1305 (N.D.Ohio 1988)(denying summary judgment to new defendant following allowance of addition of wife of police officer as new defendant in civil rights suit because, *inter alia,* "[i]t is fair to presume from the professional and institutional relationships between the defendants and the language of the original complaint that defendant Grossmyer learned of the institution of this lawsuit shortly after it was filed" and because evidence confirmed that police officer husband

7

conveyed information relating to suit to added defendant wife).

Ms. Battard opposes the Defendant's Motion so that the parties will remain equal before the Court; having either the same ability to present their claims and defenses against all of the arguably culpable individuals, or being equally disadvantaged by the strict operation of the Rules of Civil Procedure.

### **ARGUMENT**

By its explicit operation, requests for admissions not responded to within thirty days are deemed admitted and conclusively establish the truth of those admissions for that case. *Brook Village North Associates v. General Electric Company,* 686 F.2d 66, 70 (1st Cir. 1982); *7-Eleven, Inc. v. Chaudhry*, 2002 WL 1880728 at *1 (D.Mass. 2002). "[T]he rule is well established, as it should be, that when admissions pursuant to Rule 36 constitute matters which are dispositive of a case, summary judgment in favor of the party who obtained the admissions is appropriate". *Equal Employment Opportunity Commission v. Baby Products Company, Inc.,* 89 F.R.D. 129, 131 (E.D.Mich. 1981)("*EEOC v. Baby Products Company*"), *citing Weva Oil Corp. v. Belco Petroleum Corp.,* 68 F.R.D. 663, (N.D.W.Va. 1975).

This Court may permit a party to withdraw its admissions and respond to a request late if the two part test of Fed. R. Civ. P. 36(b) is satisfied. The Rule requires that "the presentation of

the merits of the action will be subserved [by permitting withdrawal or amendment] and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *Farr Man & Co., Inc. v. M/V Rozita,* 903 F.2d 871, 875-76 (1st Cir. 1990); *Brook Village North Associates,* 686 F.2d at 70. "The ability to maintain a claim or defense is what subserving the merits of the action means in Rule 36(b)." *EEOC v. Baby Products Company,* 89 F.R.D. at 132-33.

Permitting withdrawal and amendment of the admissions will not satisfy either prong of the Rule 36(b) test. Allowing withdrawal/amendment while denying permission to add Oliver Hummels as a defendant will prevent the fact finder from determining the culpability of the allegedly responsible individual (Hummels) on the merits and will afford the remaining defendant (Capela) an admiralty defense which could so limit that defendant's liability as to ensure that the permanently injured plaintiff will not recover just compensation for her injuries. Such a result would not subserve "the presentation of the merits of the action" and will prejudice the plaintiff severely.

This case presents the opposite situation from that of *Farr Man & Co.,* where the First Circuit quoted the Judge Skinner's finding "that, '[s]ince all the lawyers in the case appear to have been equally (and woefully) ignorant of the facts, there is

9

no unfairness in relieving the defendant of the admissions which are conceded to have been incorrect.'" 903 F.2d at 876. In the case at bar, both parties made mistakes if any were made. Fairness requires either that all be relieved of the burden of their mistakes so that the parties remain in equal posture before the Court or that neither be relieved so that the parties may be held equally responsible for the procedural consequences of their errors. This is especially true where the defendant has refused to respond to those requests for admissions which would enable the Court to review the identity of interest issue which is relevant to the addition of Hummels as a defendant.

Moreover, the defendant downplays the plaintiff's difficulty in obtaining testimony necessary to present her case at trial. Of the two witnesses unrelated to either party (Cassidy Gillespie and Ivy Smith), only one has a detailed memory of the facts which gave rise to Ms. Battard's damages. That witness, Cassidy Gillespie, has relocated to Japan, and cannot be subpoenaed for trial. Her testimony must be preserved and presented by audiovisual deposition, at considerable expense. Moreover, the plaintiff has been unable to travel since her injuries, except by the special medical arrangements which transported her from a Massachusetts hospital to a French hospital in 2001, and also may be required to present her testimony by audiovisual deposition. Again, the plaintiff will be unduly prejudiced by permitting the

defendant to withdraw and amend his admissions.

## CONCLUSION

For all of the above reasons, this Court should deny the Defendant's Motion for Leave to Withdraw or Amend Admissions Pursuant to Fed. R. Civ. P. 36(b).

The Plaintiff,
By her Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
June 20, 2005

## CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

Thomas J. Muzyka, Esquire
Terence G. Kenneally, Esquire
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA   02108.

 /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

Dated: June 20, 2005