# *Mark F. Itzkowitz*

*Attorney at Law*

*85 Devonshire Street*  
*Suite 1000*  
*Boston, Massachusetts 02109-3504*

*Telephone: (617) 227-1848*  
*Facsimile: (617) 742-9130*  
*Also Admitted In New York*

June 15, 2005

**VIA FACSIMILE**

Thomas J. Muzyka, Esquire  
Terence G. Kenneally, Esquire  
Clinton & Muzyka, P.C.  
One Washington Mall  
Suite 1400  
Boston, MA  02108

      *Re:*    *ANNIE BATTARD v. ANTONIO CAPELA*  
             *Civil Action No. 04-11856-GAO*

Dear Attorneys Muzyka and Kenneally:

    I write to initiate the discovery conference required by Local Rules 7.1 and 37.1 with respect to the defendant's responses to the Plaintiff's First Request for Admissions.  By initiating this conference, the plaintiff does not waive her right to rely upon the operation of Federal Rule of Civil Procedure 36, according to the express terms of which all of the admissions have been deemed admitted by the defendant's failure to respond timely to the requests.  Please respond to this request for a conference by noon on Friday, June 17, 2005.

    The defendant has objected to Request Nos. 4-6 inclusive on grounds of relevance, and has refused to answer the Requests.  The Requests are relevant to the issues raised by the Plaintiff's Motion for Leave to Amend Complaint, particularly to the identity of interests between the defendant and Oliver Hummels and to Mr. Hummels' knowledge of the existence of the instant action.  As such issues have been and are again before the District Court, and now also are before the Court of Appeals, the information sought by the Requests is relevant and the objection improper.  Please advise me whether you are willing to answer the Requests in view of this explanation of their relevance.

The defendant has objected to the plaintiff's use of the terms "injuries" and "injured" in Request Nos. 15 and 42, refusing to respond to those requests, and to the use of the terms in Request Nos. 3, 16-17, 20-28, and 42-43. By way of clarification, the plaintiff has not sought identification or explanation of her medical condition from the defendant, nor detailed information about the extent of the defendant's knowledge of her specific diagnoses, prognoses and medical condition, and, therefore, cannot reasonably be understood to have sought a "medical opinion". She seeks nothing more than a layperson's "shorthand" understanding of the effect of the incident upon her. The defendant has admitted that "Annie Battard was transported by ambulance from shore to the Anna Jacques Hospital" (Request No. 41), and is in receipt of all of the plaintiff's medical records in the United States, some of her medical records from France, and her explanation of her medical condition in the plaintiff's answers to the defendant's interrogatories. This information establishes that Ms. Battard sustained a burst fracture of her T12 vertebrae, among other injures, and continues to lack proper bowel and bladder function. In view of the extent of the information provided to the defendant, please advise me whether the defendant will continue to assert an objection to the plaintiff's use of the terms "injuries" and "injured", and will refuse to answer Request Nos. 15 and 42. If so, please advise me what additional information the defendant requires to be able to respond to the Requests.

The defendant claims to lack information with which to respond to Request Nos. 28, 36, and 37. The defendant, by counsel, has interviewed or received affidavits from witnesses Ivy Smith and Cassidy Gillespie, has received affidavits and interrogatory answers from the plaintiff, and lives with Oliver Hummels. The defendant has admitted that these four individuals and the defendant constituted all of the persons aboard the vessel at the time of the voyage (Request No. 3). Please advise me what measures the defendant has taken to obtain the information sought to be verified by the three requests for admissions, what additional information the defendant requires to be able to respond to the Requests, and why the defendant continues to assert that he is unable to respond to the Requests at this time.

The parties' oppositions to the four pending motions are due in Court on Monday, June 20, 2005. I must leave early on Friday to attend to a personal matter. Therefore, please respond to this request for a conference by supplying the information requested by noon on Friday, June 17, 2005.

Thank you for your courtesy and cooperation.

Very truly yours,

Mark F. Itzkowitz

MFI:el