UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

**ANNIE BATTARD**
    **Plaintiff,**

VS.

**ANTONIO CAPELA**
    **Defendant.**

### OLIVER HUMMELS' OPPOSITION TO PLANTIFF'S MOTION TO RENEW AND TO REQUEST THIS COURT TO RECONSIDER ITS DENIAL OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Now comes the proposed defendant, Oliver Hummels, in the above-entitled action, by and through his undersigned attorneys, Clinton & Muzyka, P.C., and respectfully files his Opposition to plaintiff's pending motion for reconsideration. As grounds in support of this Opposition, Hummels submits the following for the Court's consideration.

**PROCEDURAL BACKGROUND**

On March 24, 2005, the plaintiff filed a motion requesting permission to amend her Complaint for the purpose of adding another defendant. Oliver Hummels, the proposed defendant, filed an Opposition on April 11, 2005 and the plaintiff Replied on April 22, 2005.

On May 12, 2005, the Court denied the plaintiff's Motion for Leave to Amend Complaint.

On June 10, 2005, the plaintiff filed a Notice of Interlocutory Appeal of this Court's May 12, 2005 Order pursuant to 28 U.S.C.A. §1292(a)(3).

On June 13, 2005, three [3] days after the filing of the Notice of Interlocutory Appeal, the plaintiff filed a Motion to Renew and to Request this Court to Reconsider its Denial of Plaintiff's Motion for Leave to Amend Complaint. Oliver Hummels filed an Opposition on June 20, 2005. The Court has not ruled upon the pending motion or its opposition.

## ARGUMENT

Oliver Hummels respectfully submits that this Court lacks jurisdiction to entertain plaintiff's pending motion for reconsideration. It is well-settled that U.S. District and Circuit Courts "should not attempt to assert jurisdiction over a case simultaneously" and that "the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." **Griggs v. Provident Consumer Discount Company**, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225; **Watson v. Boyajian**, 403 F.3d 1 (1st Cir. 2005).

By filing a Notice of Interlocutory Appeal, the plaintiff has presented the issue of whether she should be allowed to amend her Complaint to the First Circuit Court of Appeals.  Accordingly, without seeking the permission of the First Circuit Court of Appeals, the District Court lacks jurisdiction to entertain the pending motion. Oliver Hummels submits that, because plaintiff's motion for reconsideration was filed after the filing of the Notice of Interlocutory Appeal, there is no reason for this Court to seek permission from the First Circuit Court of Appeals to address the pending motion.

**WHEREFORE**, the proposed defendant, Oliver Hummels, prays that this Court deny plaintiff's pending motion for reconsideration on the basis that it lacks jurisdiction.

By his attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:   June 27, 2005