UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

ANNIE BATTARD
    Plaintiff,

VS.

ANTONIO CAPELA
    Defendant.

## DEFENDANT'S OPPOSITION TO PLANTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Now comes the defendant, Antonio Capela, in the above-entitled action, by and through his undersigned attorneys, Clinton & Muzyka, P.C., and respectfully files his Opposition to plaintiff's Motion for Partial Summary Judgment. As grounds in support of this Opposition, the defendant submits the following for the Court's consideration.

## PROCEDURAL BACKGROUND

1.  On Friday, June 10, 2005, the defendant's counsel filed defendant's Motion for Leave to Withdraw or Amend Admissions pursuant to Fed.R.Civ.P. 36(b).

2.  On June 10, 2005, the defendant's counsel faxed and couriered copies of the defendant's Request for Admissions to plaintiff's counsel.

3.  On Monday, June 13, 2005, the defendant's counsel received the plaintiff's Motion for Partial Summary

- 2 -

Judgment on Liability which was filed after business hours on Friday June 10, 2005.

4.    Plaintiff's Motion for Partial Summary Judgment on Liability relies exclusively upon the defaulted Admissions that are the subject matter of defendant's Motion for Leave to Withdraw or Amend Admissions pursuant to Fed.R.Civ.P. 36(b).

5.    On Tuesday, June 14, 2005, the defendant's counsel filed defendant's Motion for Stay of the plaintiff's Motion for Partial Summary Judgment on Liability pending its ruling on defendant's Motion for Leave to Withdraw or Amend Admissions.

## STATEMENT OF DISPUTED MATERIAL FACTS

The defendant submits that are numerous genuine issues of material facts as detailed in his Response to plaintiff's Request for Admissions.    A copy of the defendant's Response to plaintiff's Request for Admissions is attached hereto as **Exhibits A.**    The defendant submits the following paragraphs in response to the plaintiff's Statement of Facts.

1.    On August 27, 2001, the plaintiff was a passenger onboard the defendant's vessel as it operated on the Merrimack River off of Newburyport, Massachusetts. The plaintiff was a friend of Cassidy Gillespie and

accompanied her aboard the vessel with the defendant's permission.  Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were the individuals aboard the defendant's vessel.

2.   During the course of the voyage on the Merrimack River, Oliver Hummels operated the defendant's vessel with the defendant's permission and knowledge.

3.   During the course of the voyage, the plaintiff, Cassidy Gillespie and Ivy Smith sat at the bow of the vessel.  Oliver Hummels operated the vessel from its helm.  The defendant sat on the vessel's port side for the majority of the voyage.  The defendant's vessel has a single deck.

4.   At the mouth of the Merrimack River, the defendant's vessel encountered rough seas.  Oliver Hummels slowed the defendant's vessel upon encountering rough seas. The vessel encountered two 2 to 3 foot waves as it proceeded out of the mouth of the river.  The defendant does not have sufficient information as to whether the plaintiff was lifted from her seat in the bow of the vessel or whether she suffered any injuries as a result of the voyage aboard the defendant's vessel.

5.    As stated in paragraph 4 above, Oliver Hummels slowed the defendant's vessel upon encountering rough seas. According the defendant denies and disputes the remainder of the facts detailed by the plaintiff.

6.    As stated in paragraph 4 above, Oliver Hummels slowed the defendant's vessel upon encountering rough seas. According the defendant denies and disputes the remainder of the facts detailed by the plaintiff.

## ARGUMENT

Where defendant established that there was a genuine issue of material fact …, issue would be determined after trial on merits and not on motion for summary judgment. *Staffin Lewis Corporation v. Rose Derry Co. 9 F.R.D. 704, 705 (D. Mass. 1950).* In respect to request for admission it appears to be the rule that the party served, by doing nothing, will be deemed to have admitted the genuineness of the documents and the truth of the facts set forth. *United States v. Brandt, 8 F.R.D. 163, 164 (D.C.Mont., 1948.)* Unlike the defendants in *United States v. Brandt, supra.* and *7-Eleven, Inc. v. Chaudhry, 2002 WL 18880728 (D.Mass.),* the defendant served his Response to the plaintiff's Request for Admissions fifty-six [56] days after they were due to be served. *Fed.R.Civ.P.(36).* The defendant's Response to plaintiff's Request for Admissions

- 5 -

denies several of the plaintiff's requests and specifically the fact that the defendant was not operating his vessel on August 27, 2001. *See Response No. 7 of defendant's Response to Plaintiff's First Request for Admissions attached hereto as Exhibit A.* With the defendant's Response to plaintiff's Request for Admissions now of record, there are numerous fact issues in dispute and the action may not be disposed on plaintiff's Motion for Summary Judgment. *Fed.R.Civ.P.(56).*

Although summary judgment could be granted in plaintiff's favor from the Statement of Facts predicated on the defaulted Admissions, the Court is not required to do so. *Pleasant Hill Bank v. United States, 60 F.R.D 1, 3 (W.D.Mo. 1973).* The Court of Appeals for the Second Circuit espouses the following standard: "Under compelling circumstances the District Court may allow untimely replies to avoid the admission." *Id.* To permit defendant to effectively withdraw its admissions by filing untimely answers would subserve the presentation of the merits of the action. *Id.* The Discovery in this matter is in its preliminary stages. Three of the five witnesses onboard the defendant's vessel continue to reside in Massachusetts including the defendant and the vessel's operator, Oliver Hummels. The remaining two witnesses are the plaintiff

and another passenger, Cassidy Gillespie, who now resides in Tokyo, Japan.  Ms. Gillespie has been contacted by plaintiff's counsel and submitted an Affidavit in support of the plaintiff's Motion for Reconsideration.  Ms. Gillespie is available to offer her testimony regardless of the potential costs associated with taking her deposition.  To date, no depositions have been scheduled in this matter and the plaintiff will have sufficient opportunity to obtain evidence and further discovery with respect to the questions previously answered by the admissions.  Therefore, the plaintiff's case will not be prejudiced in any way by either denying her motion for summary judgment or granting the defendant's previously submitted Motion for Leave to Withdraw or Amend the Response to Request for Admissions.

**WHEREFORE**, the defendant, Antonio Capela, respectfully requests that this Honorable Court deny the plaintiff's Motion for Partial Summary Judgment on Liability as numerous fact issues remain in dispute.

- 7 -

Respectfully Submitted,
**DEFENDANT**
**CLINTON & MUZYKA, P.C.,**

"/s/Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: June 30, 2005