**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11856-GAO

ANNIE BATTARD
    Plaintiff,

vs.

ANTONIO CAPELA
    Defendant.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Now comes the defendant, Antonio Capela, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C. and hereby submits his Response to Plaintiff's First Request for Admissions.

### GENERAL OBJECTION

The defendant objects to all of the plaintiff's Requests insofar as they seek discovery of matters which constitutes privileged communications or materials prepared in anticipation of litigation or trial. By furnishing a response to any request, the defendant does not waive any of its general or specific objections to that or any other Request.

### REQUEST NO. 1

> On August 27, 2001, the defendant, Antonio Capela, was the owner of a 22 foot 2001 Islandia Sea Doo Bombardier single propeller recreational vessel which was duly registered pursuant to the laws of the Commonwealth of

Massachusetts, registration number MS9121AB (hereinafter "the vessel")

**RESPONSE NO. 1**

Admitted.

**REQUEST NO. 2**

On August 27, 2001, the plaintiff rode as an invited guest in the defendant's vessel.

**RESPONSE NO. 2**

The defendant admits that the plaintiff was a friend of Cassidy Gillespie and accompanied her aboard the vessel with the defendant's permission.

**REQUEST NO. 3**

Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were all of the individuals aboard the vessel on August 27, 2001 at the time when the plaintiff was injured.

**RESPONSE NO.3**

The defendant admits that Annie Battard, Antonio Capela, Oliver Hummels, Cassidy Gillespie and Ivy Smith were all of the individuals aboard the vessel on August 27, 2001, but cannot admit or deny that the plaintiff was injured.

**REQUEST NO. 4**

Oliver Hummels and the defendant are friends and domestic partners.

**RESPONSE NO. 4**

The defendant objects to this request for admission as it is irrelevant and beyond the scope of the permissible inquiry and Rule of Civil Procedure.

**REQUEST NO. 5**

Oliver Hummels and the defendant lived together in a single family home at 8 Julia Street, Newburyport, since before Annie Battard was injured on August 27, 2001.

**RESPONSE NO. 5**

The defendant objects to this request for admission as it is irrelevant and beyond the scope of the permissible inquiry and Rule of Civil Procedure.

**REQUEST NO. 6**

Oliver Hummels and the defendant jointly own the single family home at 8 Julia Street, Newburyport, as joint tenants.

**RESPONSE NO. 6**

The defendant objects to this request for admission as it is irrelevant and beyond the scope of the permissible inquiry and Rule of Civil Procedure.

**REQUEST NO. 7**

At divers' times during the voyage on August 27, 2001, the defendant operated the vessel.

**RESPONSE NO. 7**

Denied.

**REQUEST NO. 8**

At divers' times during the voyage on August 27, 2001, Oliver Hummels operated the vessel.

**RESPONSE NO.8**

Admitted.

4

**REQUEST NO. 9**

   During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel with the defendant's permission.

**RESPONSE NO. 9**

   Admitted.

**REQUEST NO. 10**

   During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel with the defendant's knowledge.

**RESPONSE NO. 10**

   Admitted.

**REQUEST NO. 11**

   During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel under the defendant's guidance.

**RESPONSE NO. 11**

   Denied.

**REQUEST NO. 12**

   During those times when Oliver Hummels operated the vessel, Mr. Hummels operated the vessel under the defendant's control.

**RESPONSE NO.12**

   Denied.

**REQUEST NO. 13**

   On August 27, 2001, the vessel operated on the waters of the Merrimack River in the vicinity of Newburyport.

**RESPONSE NO. 13**

Admitted.

**REQUEST NO. 14**

On August 27, 2001, the waters of the Merrimack River in the vicinity of Newburyport constituted a navigable waterway.

**RESPONSE NO. 14**

Admitted.

**REQUEST NO. 15**

On August 27, 2001, Annie Battard sustained injuries aboard the vessel.

**RESPONSE NO. 15**

The defendant cannot either admit or deny this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 16**

At the time she was injured, Annie Battard was sitting at the bow of the vessel.

**RESPONSE NO. 16**

The defendant admits that Annie Battard was sitting at the bow of the vessel, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 17**

At the time of Annie Battard was injured, Cassidy Gillespie and Ivy Smith were seated at the bow of the vessel.

**RESPONSE NO. 17**

    The defendant admits that Cassidy Gillespie and Ivy Smith were seated at the bow of the vessel, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 18**

    The vessel was jet powered.

**RESPONSE NO. 18**

    Denied.

**REQUEST NO. 19**

    The vessel had a single deck.

**RESPONSE NO.19**

    Admitted.

**REQUEST NO. 20**

    At the time Annie Battard was injured, the defendant and Oliver Hummels were on the same deck.

**RESPONSE NO. 20**

    The defendant admits that he and Oliver Hummels were on the same deck, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 21**

    At the time Annie Battard was injured, the sea was rough.

**RESPONSE NO. 21**

    Denied, the mouth of the river had different sea conditions than in the river itself. The defendant cannot either admit or deny the remainder of this

request for admission as it calls for a medical opinion that the defendant is not qualified to opine

**REQUEST NO. 22**

At the time Annie Battard was injured, Oliver Hummels was operating the vessel.

**RESPONSE NO. 22**

The defendant admits that Oliver Hummels was operating the vessel, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 23**

At the time Annie Battard was injured, Oliver Hummels was operating the vessel with the defendant's permission.

**RESPONSE NO. 23**

The defendant admits that Oliver Hummels was operating the vessel with the defendant's permission, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 24**

At the time Annie Battard was injured, Oliver Hummels was operating the vessel with the defendant's knowledge.

**RESPONSE NO. 24**

The defendant admits that Oliver Hummels was operating the vessel with the defendant's knowledge, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 25**

   Just before Annie Battard was injured, Oliver Hummels was operating the vessel at high speed.

**RESPONSE NO. 25**

   The defendant denies that Oliver Hummels was operating the vessel at high speed, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 26**

   Just before Annie Battard was injured, Oliver Hummels was operating the vessel at an unsafe speed.

**RESPONSE NO. 26**

   The defendant denies that Oliver Hummels was operating the vessel at an unsafe speed, but cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 27**

   Just before Annie Battard was injured, the vessel struck a wave (hereinafter "first wave").

**RESPONSE NO. 27**

   Denied, the defendant objects to the words "struck" and "injured" but admits that the vessel encountered a 2 to 3 foot wave as it proceeded out of the mouth of the river. The defendant cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 28**

   When the vessel struck the first wave, Annie Battard, Cassidy Gillespie and Ivy Smith were lifted from their seats by force of the wave.

8

**RESPONSE NO. 28**

The defendant objects to the words "struck" and "injured" but admits that the vessel encountered a 2 to 3 foot wave as it proceeded out of the mouth of the river. The defendant cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.
Without waiving his objection and after a reasonable inquiry, the information known or readily obtainable by the defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 29**

The vessel did not slow after it struck the first wave.

**RESPONSE NO. 29**

The defendant objects to the word "struck" but admits that the vessel encountered a 2 to 3 foot wave as it proceeded out of the mouth of the river.
Without waiving its objection, the defendant responds Denied.

**REQUEST NO. 30**

Oliver Hummels did not slow the vessel after it struck the first wave.

**RESPONSE NO. 30**

The defendant objects to the word "struck" but admits that the vessel encountered a 2 to 3 foot wave as it proceeded out of the mouth of the river.
Without waiving its objection, the defendant responds Denied.

**REQUEST NO. 31**

The defendant did not slow the vessel after it struck the first wave.

**RESPONSE NO. 31**

The defendant objects to the word "struck".

10

Without waiving its objection, the defendant responds Denied.

**REQUEST NO. 32**

The defendant did not take physical control of the operation of the vessel after it struck the first wave.

**RESPONSE NO. 32**

The defendant objects to the word "struck".
Without waiving its objection, the defendant responds Admitted.

**REQUEST NO. 33**

Shortly after it struck the first wave, the vessel struck a second wave.

**RESPONSE NO. 33**

The defendant objects to the word "struck" but admits that the vessel encountered two 2 to 3 foot waves as it proceeded out of the mouth of the river.
Without waiving its objection, the defendant responds Admitted.

**REQUEST NO. 34**

When the vessel struck the second wave, Annie Battard was lifted from her seat by the force of the wave and landed violently in her seat.

**RESPONSE NO. 34**

The defendant objects to the words "struck" and "violently".
Without waiving its objection, the defendant responds Denied.

**REQUEST NO. 35**

After the vessel struck the second wave, Annie Battard fell from her seat and landed on the deck.

11

**RESPONSE NO. 35**

The defendant objects to the word "struck".
Without waiving its objection, the defendant responds Denied.

**REQUEST NO. 36**

After Annie Battard landed on the deck, she was unable to get up.

**RESPONSE NO. 36**

After a reasonable inquiry, the information known or readily obtainable by the defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 37**

After Annie Battard landed on the deck, the other people aboard the vessel were unable to help Annie Battard to her feet.

**RESPONSE NO. 37**

After a reasonable inquiry, the information known or readily obtainable by the defendant is insufficient to enable him to admit or deny this request.

**REQUEST NO. 38**

The defendant contacted the U.S. Coast Guard for assistance transporting Annie Battard to shore.

**RESPONSE NO. 38**

The defendant admits that he contacted the U.S. Coast Guard, but denies the remainder of this request for admission.

**REQUEST NO. 39**

The U.S. Coast Guard transferred Annie Battard from the vessel to a U.S. Coast Guard vessel.

**RESPONSE NO. 39**

Denied.

**REQUEST NO. 40**

The U.S. Coast Guard transported Annie Battard to shore in Newburyport.

**RESPONSE NO. 40**

Denied.

**REQUEST NO. 41**

Annie Battard was transported by ambulance from shore to the Anna Jacques Hospital.

**RESPONSE NO. 41**

Admitted.

**REQUEST NO. 42**

The defendant knew that Annie Battard had been injured aboard the vessel.

**RESPONSE NO. 42**

The defendant cannot either admit or deny this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

**REQUEST NO. 43**

The defendant never filed a report of Annie Battard's injury with the Massachusetts Environmental Police.

**RESPONSE NO. 43**

The defendant admits that he never filed a report of the incident with the Massachusetts Environmental Police. The defendant cannot either admit or deny the remainder of this request for admission as it calls for a medical opinion that the defendant is not qualified to opine.

12

**REQUEST NO. 44**

The defendant operated the vessel negligently.

**RESPONSE NO. 44**

Denied.

**REQUEST NO. 45**

Oliver Hummels operated the vessel negligently.

**RESPONSE NO. 45**

Denied.

**REQUEST NO. 46**

The defendant operated the vessel at an unsafe speed.

**RESPONSE NO. 46**

Denied.

**REQUEST NO. 47**

Oliver Hummels operated the vessel at an unsafe speed.

**RESPONSE NO. 47**

Denied.

**REQUEST NO. 48**

The defendant operated the vessel in an unsafe configuration.

**RESPONSE NO. 48**

Denied.

**REQUEST NO. 49**

Oliver Hummels operated the vessel in an unsafe configuration.

**RESPONSE NO. 49**

Denied.

**REQUEST NO. 50**

The defendant operated the vessel in disregard of conditions existing on the River.

**RESPONSE NO. 50**

Denied.

**REQUEST NO. 51**

Oliver Hummels operated the vessel in disregard of conditions on the River.

**RESPONSE NO. 51**

Denied.

**REQUEST NO. 52**

The defendant operated the vessel in violation of existing laws, rules, regulations and customs regarding the safe operation of vessels.

**RESPONSE NO. 52**

Denied.

**REQUEST NO. 53**

Oliver Hummels operated the vessel in violation of existing laws, rules, regulations and customs regarding the safe operation of vessels.

**RESPONSE NO. 53**

Denied.

**REQUEST NO. 54**

The defendant's operation of the vessel caused the vessel to reach violently and boisterously to the prevailing condition of the seas.

RESPONSE NO. 54

Denied.

REQUEST NO. 55

Oliver Hummels' operation of the vessel caused the vessel to reach violently and boisterously to the prevailing condition of the seas.

RESPONSE NO. 55

Denied.

REQUEST NO. 56

As a direct and proximate result of the defendant's negligence, the plaintiff was injured.

RESPONSE NO. 56

Denied.

REQUEST NO. 57

As a direct and proximate result of Oliver Hummels' negligence, the plaintiff was injured.

RESPONSE NO. 57

Denied.

REQUEST NO. 58

The defendant negligently breached the duty of care he owed to the plaintiff by failing to exercise due, safe and reasonable care in the operation of his vessel upon navigable waters under existing conditions.

RESPONSE NO. 58

Denied.

**REQUEST NO. 59**

Oliver Hummel negligently breached the duty of care he owed to the plaintiff by failing to exercise due, safe and reasonable care in the operation of his vessel upon navigable waters under existing conditions.

**RESPONSE NO. 59**

Denied.

By his attorneys,
CLINTON & MUZYKA, P.C.

Thomas J. Muzyka
BBO NO: 365540
Terence G. Kenneally
BBO NO: 642124
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand, mail, overnight mail.