UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11856-GAO

| | | |
|---|---|---|
| ANNIE BATTARD, | ) | **PLAINTIFF'S REPLY TO** |
| Plaintiff | ) | **OLIVER HUMMELS' SECOND OPPOSITION** |
| | ) | **TO MOTION TO RENEW AND** |
| v. | ) | **TO REQUEST THIS COURT TO RECONSIDER** |
| | ) | **ITS DENIAL OF PLAINTIFF'S MOTION** |
| ANTONIO CAPELA, | ) | **FOR LEAVE TO AMEND COMPLAINT** |
| Defendant | ) | |

## STATEMENT OF THE CASE

Oliver Hummels has filed two oppositions to the plaintiff, Annie Battard's Motion to Renew and to Request This Court to Reconsider Its Denial of Plaintiff's Motion for Leave to Amend Complaint ("Motion"). The first Opposition, filed on June 20, 2005, responded directly to the contentions of the plaintiff's Motion. Ms. Battard did not respond as the issues had been developed in the Motion and Opposition. The second Opposition, filed on June 27, 2005, addresses only additional procedural arguments and makes several incorrect statements of fact and law. For those reasons, the plaintiff files this response.

## STATEMENT OF FACTS RELEVANT TO SECOND OPPOSITION

On March 23, 2005, Ms. Battard filed the Plaintiff's Motion for Leave to Amend Complaint. An Amended Complaint and the Plaintiff's Certification Pursuant to Local Rule 15.1 were filed at the same time. Oliver Hummels submitted his affidavit as part of his opposition to the Plaintiff's Motion for Leave to Amend Complaint. Ms. Battard filed her Affidavit as part of her Reply.

The Court denied the Plaintiff's Motion for Leave to Amend Complaint on May 12, 2005.

At 2:05 p.m. on June 10, 2005, Ms. Battard electronically filed the Plaintiff's Motion to Renew and to Request This Court to Reconsider Its Denial of Plaintiff's Motion for Leave to Amend Complaint. In support of the new Motion, Ms. Battard simultaneously filed the Affidavits of Cassidy Gillespie and of Mark F. Itzkowitz; to the latter of which was attached the unsigned affidavit of Ivy Smith. Ms. Gillespie and Ms. Smith were the only non-party witnesses aboard the vessel at the time Ms. Battard was injured.

At 2:25 p.m. on June 10, 2005, Ms. Battard electronically filed her Notice of Interlocutory Appeal of the Court's Order of May 12, 2005, pursuant to 28 U.S.C. §1292(a)(3).

Mr. Hummels filed his two Oppositions to the Motion on June 20 and 27, 2005, respectively.

### ARGUMENT

Mr. Hummels' contention that the appeal preceded the plaintiff's Motion by three days is incorrect. The Motion preceded the appeal by 20 minutes. The District Court had jurisdiction of the Motion when it was filed. *Jusino v. Zayas,* 875 F.2d 986, 989-90 (1st Cir. 1989). The plaintiff did not divest this Court of jurisdiction and then ask the Court to reconsider its decision, as Mr. Hummels contends. "The trial

court has authority to pursue its own proceedings while a §1292(a)(3) appeal is pending."  16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION (2d ed. 1996), §3927 at 348.

Moreover, the District Court retains "[t]he inherent power ... to correct, within a reasonable time, a manifest error in its own interlocutory order [which] was not completely displaced by the adoption of the Civil Rules". *Jusino v. Zayas,* 875 F.2d at 989 n. 3.  That is true regardless of whether a "motion for reconsideration", which is not recognized as such by the Rules of Civil Procedure, falls technically under the provisions of Rules 59(e) or 60(b).  "Not every motion must fit within some neat pigeonhole".  *Id.; Farr Mann & Co., Inc. v. M/V Rozita,* 903 F.2d 871, 875 (1st Cir. 1990) (acknowledging inherent power of district court to modify interlocutory order).  The First Circuit Court of Appeals has created a "request-for-remand procedure", *Jusino v. Zayas,* 875 F.2d at 990, which enables a District Court to "issue[] a brief memorandum asking [the First Circuit Court of Appeals] to remand" to decide a pending motion when a pending appeal raises doubt about the trial court's jurisdiction to decide the motion.  The procedure "is not only formally correct, but salutary; we caution the district courts to utilize it whenever an appeal from the judgment is pending and the trial court's jurisdiction thereby cast in doubt. ... [G]iven the

circumstances [of a timely filed motion for reconsideration undecided by the trial court before the Rules of Appellate Procedure necessitated the filing of a notice of appeal], we would certainly have remanded". *Id.* *See Fleet National Bank v. The Vessel LEDA,* 1991 WL 330183 at *1 n. 1 (D. Mass. 1991) (Bowler, M.J.) (utilizing request-for-remand procedure to decide motion for reconsideration).

Ironically, not only is the plaintiff's Motion timely and subject to review by this Court, but Mr. Hummels second Opposition is untimely and should not be considered by the Court, as it was filed after the time for opposing the plaintiff's Motion had expired; was not accompanied by a motion seeking leave to file the second opposition late; and was an additional (second) opposition, filed after Mr. Hummels had supplied the Court with his reasons for denying the plaintiff's Motion.

Finally, the plaintiff's new Motion differs from her original Motion for Leave to Amend Complaint in that it is supported by evidence not available and, therefore, not presented in support of the denied Motion for Leave to Amend. It is not simply a renewed motion or a motion for reconsideration, but is a new motion based upon new evidence. The additional evidence provides the Court with the statements of all of the persons aboard the vessel at the time Ms. Battard was injured; four in affidavit format, one in the form of information provided by the

4

defendant to the Coast Guard and incorporated in the Search and Rescue Report.  It should be considered by this Court so that all of the facts relevant to the addition of Mr. Hummels as a party defendant properly may be taken into account and, if necessary, preserved for appeal.

## CONCLUSION

For all of the above reasons, as well as for the reasons stated in the Plaintiff's Motion to Renew and to Request This Court to Reconsider Its Denial of Plaintiff's Motion for Leave to Amend Complaint, and the materials submitted in support thereof, and the reasons stated in the Plaintiff's Motion for Leave to Amend Complaint, Plaintiff's Memorandum in Reply to Oliver Hummels' Opposition to Plaintiff's Motion for Leave to Amend Complaint, and the materials submitted in support of those documents, Annie Battard, the plaintiff, respectfully requests this Court to allow her Motion to Renew and to Request This Court to Reconsider Its Denial of Plaintiff's Motion for Leave to Amend Complaint and to allow her Motion for Leave to Amend Complaint.

## REQUEST FOR ORAL ARGUMENT

Annie Battard, the plaintiff, hereby requests oral argument of the above motion.

The Plaintiff,
By her Attorney,

_____

MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
July 5, 2005

## CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by mailing/faxing/hand-delivering a copy of same to counsel of record:

Thomas J. Muzyka, Esquire
Terence G. Kenneally, Esquire
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA   02108.

/s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

Dated:  July 5, 2005